```
          IN THE UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                   SOUTHERN DIVISION
```

**GARY BRICE MCBAY**                                              **PLAINTIFF**

**VERSUS**                                    CAUSE NO.1:07cv1205LG-JMR

**HARRISON COUNTY, MISSISSIPPI,
BY AND THROUGH ITS BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF GEORGE PAYNE,**
in his official and individual capacity;
**DIRECTOR OF OPERATIONS MAJOR WAYNE PAYNE,**
in his official and individual capacity;
**DIRECTOR OF CORRECTIONS MAJOR DIANE GASTON RILEY,**
in her official and individual capacity; **DIRECTOR
OF PROFESSIONAL STANDARDS UNIT CAPTAIN
STEVE CAMPBELL,** in his official and individual
capacity; **SUPERVISOR OF BOOKING CAPTAIN
RICK GASTON,** in his official and individual
capacity; **CORRECTIONS OFFICER SERGEANT RYAN TEEL,**
in his official and individual capacity; **CORRECTIONS
OFFICERS MORGAN THOMPSON,** in his official and individual
capacity; **CORRECTIONS OFFICERS JOHN DOE 1-4 in their official and
individual capacity; AMERICAN CORRECTIONAL ASSOCIATION and its
EXECUTIVE DIRECTOR JAMES A. GONDLES, JR.;
and employee(s) JOHN AND/OR JANE DOE 1-3;
HEALTH ASSURANCE LLC and its employee(s)
JOHN AND /OR JANE DOE 1-2**                                      **DEFENDANTS**

## ANSWER OF HARRISON COUNTY TO COMPLAINT

COMES NOW Harrison County, Mississippi, through its duly constituted and elected Board of Supervisors (hereafter "Harrison County") through its attorney of record, and files this its separate Answer to the Complaint presented against it, and shows the following:

1

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which this Court can grant relief.

## SECOND AFFIRMATIVE DEFENSE

Defendant Harrison County, acting through its Board of Supervisors, is exempt as a governmental entity and its employees pursuant to Miss. Code Annotated §11-46-9, et. seq., specifically sections 1(b), (c), (d), (e), (f), (g), (m), (r), and (v).

## THIRD AFFIRMATIVE DEFENSE

Harrison County claims sovereign immunity from for any damages by Plaintiff, as made and provided in Miss. Code Annotated §11-46-1, et. seq.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to give notice of his claim pursuant to Miss. Code Annotated §11-46-11, et. seq.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is subject to the exclusive remedy provisions of §11-46-7 of the 1972 Miss. Code Annotated. (Supp. 1996).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred pursuant to the statute of limitations set forth in §11-46-11 of the 1972 Miss. Code Annotated (Supp. 1996), and any other pertinent statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over these Defendants and subject jurisdiction of this matter.

### EIGHTH AFFIRMATIVE DEFENSE

The subject of the Plaintiff's Complaint does not involve any implementation or execution of any policy, statement, ordinance or regulation or decision officially adopted and/or promulgated by these Defendants. The Defendants neither promulgated nor condoned any policy, custom or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

All claims are barred by the applicable state and federal statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive or exemplary damages against ths Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

All actions which are the subject of the Complaint occurred by those acting outside the course and scope of their employment with Harrison County, Mississippi.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover damages under 42 USC § 1983, 42 USC § 1985, 42 USC § 1986 AND 42 USC § 1988 against Harrison

County under the Doctrine of Respondeat Superior.

### THIRTEENTH AFFIRMATIVE DEFENSE

Without waiving any defenses set forth above, Harrison County answers the Complaint as follows:

### **PRELIMINARY STATEMENT OF CLAIM**

1. Harrison County admits this Court has jurisdiction of this case and that is brought pursuant to 42 USC § 1983, 42 USC § 1985, 42 USC § 1986 AND 42 USC § 1988. The remaining allegations of Paragraph Number 1 are denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

### **JURISDICTION OF THE COURT**

10. Harrison County admits this Court has jurisdiction to hear these claims. The remaining allegations of Paragraph 10 are denied.

### **VENUE**

11. Admitted.

### **PARTIES TO THE LAWSUIT**

**PLAINTIFF**

12.  Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

**DEFENDANTS**

13.  Harrison County admits it acts through its Board of Supervisors and is a political subdivision of the State of Mississippi.  The remaining allegations of Paragraph 13 are denied.

14.  Harrison County admits George Payne is the duly elected Sheriff of Harrison County, Mississippi and an adult resident citizen of Harrison County, Mississippi.  Harrison County admits that Sheriff Payne was vested with the final decision making authority and responsibility to hire, train, supervise, set policies and determine procedures, enforce policies and procedures, delegate authority and generally oversee and supervise the daily operations of the Harrison County Sheriff's Department and all of its divisions, departments and personnel, including the Harrison County Adult Detention Center (HCADC). The remaining allegations of Paragraph 14 are denied.

15.  Harrison County admits that Wayne Payne, at all times relevant to the Complaint, was the appointed Chief Deputy for the Sheriff of Harrison County, Mississippi, and that he holds the rank of Major, and is an adult resident citizen of Harrison

County, Mississippi.  The remaining allegations of Paragraph 15 are denied.

16.   Harrison County admits that Diane Gaston Riley at all times relevant to the Complaint, was the warden of the Harrison County Sheriff's Department and held the rank of Major.  The remaining allegations of Paragraph 16 are denied.

17.   Harrison County admits Steve Campbell at all times relevant to the Complaint, was the Director of the "Professional Standards" Department at the HCADC.  The remaining allegations of Paragraph 17 are denied.

18.   Harrison County admits that Rick Gaston, at all times relevant to the Complaint, was the appointed Supervisor of the Booking Department for the Sheriff of Harrison County, Mississippi and held the rank of Captain, and is an adult resident citizen of the State of Mississippi.  The remaining allegations of Paragraph 18 are denied.

19.   Harrison County admits, at all times relevant to the Complaint, Ryan Teel was a Shift Supervisor of the Booking Department at the HCADC.  The remaining allegations of Paragraph 19 are denied.

20.   Harrison County admits that, at all time relevant to this Complaint, Morgan Thompson was a Corrections Officer with the HCADC.  The remaining allegations of Paragraph 20 are denied.

21.   Denied.

22. Harrison County admits that on November 6, 2005, American Correctional Association was a National Private Non-Profit 501 (c)(3) Organization formed under the laws of the State of New York, with its main office located at 206 North Washington Street, Suite 200, Alexandria, VA 22314. The remaining allegations of Paragraph 22 are denied.

23. Denied.

24. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies the same.

25. Admitted.

26. Denied.

## STATEMENT OF THE CASE

## VIOLATION OF CONSTITUTIONAL PROTECTIONS AFFORDED PRE-TRIAL DETAINEE GARY BRICE MCBAY RESULTING IN SERIOUS INJURY BY CORRECTIONS OFFICERS AND MEDICAL STAFF ACTING UNDER COLOR OF STATE LAW

27. Harrison County admits this is Federal Civil Lawsuit brought under 42 USC § 1983, 42 USC § 1985, 42 USC § 1986 AND 42 USC § 1988. The remaining allegations of Paragraph 27 are denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## DELIBERATE INDIFFERENCE TO MCBAY'S MEDICAL NEEDS

32. Denied.

33. Each and every allegation in Paragraph 33, including Sub-Paragraphs A through F are denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## CONSPIRACY BETWEEN HARRISON COUNTY OFFICIALS AND ACA TO OBTAIN FRAUDULENT ACA ACCREDITATION

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

**INTENTIONAL USE OF INJURIOUS EXCESSIVE FORCE**

63. Denied.

64. Each and every allegation in Paragraph 64, including Sub-Paragraphs A through F, are denied.

65. Denied.

**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS FOR SUBSTANTIAL INJURIES SUSTAINED BY MCBAY FROM BRUTAL BEATING IN BOOKING**

66. Denied.

67. Each and every allegation in Paragraph 67, including Sub-Paragraphs A through F, are denied.

68. Denied.

69. Denied.

70. Denied.

**CONSPIRACY TO COVER UP BEATING(S) BY CORRECTIONAL OFFICERS**

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

**KNOWLEDGE OF HABIT, PATTERN, CUSTOM OR POLICY**

89. Denied.

**EVIDENCE AND DOCUMENTATION OF OFFICIAL RECORD**

90. Denied.

91. Denied.

**PERSISTENT AND WIDESPREAD PRACTICES OF INJURIOUS ABUSE AND USE OF**

## **EXCESSIVE FORCE ON PRE-TRIAL DETAINEES THAT "SHOCK THE CONSCIENCE"**

### **WELCOME TO THE HOUSE OF PAYNE**

92.  Denied.

93.  Denied.

94.  Denied.

95.  Denied.

### **"THUMPING" ARRIVING ARRESTEES**

96.  Denied.

97.  Denied.

98.  Denied.

99.  Denied.

100. Denied.

101. Denied.

## **ARRIVING ARRESTEES WHO WERE CONSIDERED VERBALLY AGGRESSIVE WERE RESPONDED TO WITH EXCESSIVE AND UNJUSTIFIED USE OF UNNECESSARY FORCE**

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

### **THEME NIGHTS IN BOOKING**

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

## THE FLOOR SHOW

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

## THE SLEEPER GAME

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

## THE NO HABLOES

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

### THE SHOWER

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

### SPRAY THE BITCH

140. Denied.

141. Denied.

142. Denied.

143. Denied.

### USE YOUR WHOLE BODY TO MAKE ME FEEL GOOD

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

### YARD CALLS

149. Denied.

150. Denied.

151. Denied.

152. Denied.

### **FAILURE TO PROPERTY TRAIN AND SUPERVISE**

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

### **SPECIFIC STATEMENT OF THE FACTS**

### **ARREST AND DETENTION OF MCBAY**

164. Denied.

165. Denied.

### **HOG TYING OF MCBAY**

166. Denied.

167. Denied.

168. Denied.

169. Denied.

### **MCBAY TAKEN INTO THE "SHOWER"**

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

### **MCBAY BRUTALLY BEATEN**

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

### MCBAY DENIED NEEDED MEDICAL ASSISTANCE

202. Denied.

203. Denied.

204. Denied.

### "TROPHY" PICTURE OF MCBAY'S "ASS WHIPPING"

205. Denied.

206. Denied.

207. Denied.

208. Each and every allegation in Paragraph 208 Sub-Paragraphs A through F, denied.

### VERBAL TAUNTING, THREATS AND HUMILIATION

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

## MCBAY'S IMMEDIATE INJURIES

219. Denied.

## DECEPTIVE STATEMENTS AND THREATS BY MAJOR WAYNE PAYNE AND CAPTAIN STEVE CAMPBELL

220. Denied.

221. Denied.

222. Denied.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

231. Denied.

232. Denied.

233. Denied.

234. Denied.

235. Denied.

236. Denied.

237. Denied.

238. Denied.

239. Denied.

240. Denied.

241. Denied.

242. Denied.

243. Denied.

### MCBAY'S PERMANENT INJURIES AND DAMAGES

244. Denied.

245. Each and every allegation in Paragraph 245, Sub-Paragraphs (1) through (10) are denied.

246. Denied.

247. Denied.

248. Denied.

249. Denied.

250. Denied.

251. Denied.

252. Harrison County denies each and every allegation in the general "WHEREFORE PREMISES" clause of the Complaint, and denies Plaintiff is entitled to any damages whatsoever.

WHEREFORE, Defendant Harrison County files this its separate

Answer to the Complaint presented against it and upon final hearing moves that same be dismissed along with your Defendant with its costs being assessed against Plaintiff.

RESPECTFULLY SUBMITTED, this the 14th day of December, 2007.

                HARRISON COUNTY, MISSISSIPPI
                through its duly constituted
                and elected Board of
                Supervisors

                MEADOWS LAW FIRM

BY: /s/ *Karen J. Young*
     KAREN J. YOUNG

**CERTIFICATE OF SERVICE**

I, Karen J. Young, of Meadows Law Firm, do hereby certify that a true and correct copy of the above and foregoing Answer and Defenses of Harrison County, Mississippi to the Complaint was filed with the United States District Court wherein a copy was forwarded electronically to:

      James Bailey Halliday, Esq.
      P.O. Box 6783
      Gulfport, MS 39506

      Robert G. Harenski, Esq.
      P.O. Box 4961
      Biloxi, MS 39535

      Cyril Faneca, Esq.
      Dukes, Dukes, Keating and Faneca
      P.O. Box W
      Gulfport MS 39502

SO CERTIFIED this the 14th day of December, 2007.

/s/ *Karen J. Young*
KAREN J. YOUNG, MS Bar #6654

Karen J. Young, Esq.
MS Bar No. 6654
MEADOWS RILEY LAW FIRM
P.O. Box 1076
Gulfport, MS 39502
Telephone: (228)868-7717
Facsimile: (228)868-7715
Email: kyoung@datasync.com

20