IN THE UNITED STATES FEDERAL DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GARY BRICE MCBAY                                         PLAINTIFF

VERSUS                            CIVIL ACTION NO.:1:07cv1205LG-RHW

HARRISON COUNTY, MISSISSIPPI
BY AND THROUGH ITS BOARD OF SUPERVISORS;
et al.                                                  DEFENDANTS

---

**PLAINTIFF'S RESPONSE TO DEFENDANT GASTON'S MOTION TO DISMISS
FOR FAILURE TO TIMELY SERVE PROCESS**

**PLAINTIFF'S MOTION TO EXTEND TIME OF SERVICE TO DATE OF
PERSONAL SERVICE UPON DEFENDANT GASTON
FOR GOOD CAUSE SHOWN**

COMES NOW, Gary Brice McBay, by and through one of his counsel of record,

James Bailey Halliday, Attorney and Counselor at Law, and files this Response to

Defendant's Motion to Dismiss and in support thereof, respectfully submits the following

to this Honorable Court:

### PROCEDURAL BACKGROUND

1.      Plaintiff filed this pendant action on November 16, 2007. (docket entry no. 1) As

service of process was not effected within 120 days, as required by Federal Rules of Civil

Procedure, Rule 4 (m), Plaintiff moved for additional time to do so. (docket entry no. 11)

The Court granted Plaintiff's motion on April 2, 2008 providing an additional sixty (60)

days (as requested by Plaintiff) to effect service on Defendant Gaston. (docket entry no.

14) On Friday, May 16, 2008 Defendant Gaston filed his Motion to Dismiss for Failure

to Serve Process. (docket entry no. 31) Three days later on Monday evening, May 19,

2008 Defendant Gaston was successfully located (working as a night security officer at the Oaks Golf Coarse in Pass Christian, Mississippi) and personally and properly served. (docket entry no. 32)   Three days later on May 22, 2008 Defendant Gaston filed his Answer to Plaintiff McBay's Complaint. (docket entry no. 36)

2.    The Plaintiff, Gary Brice McBay, would show this Honorable Court that the Defendant, Rick Gaston, is and was at all times (pertinent) personally aware of the Complaint filed against him in this cause, as evidenced by the fact that the Attorney for the Defendant, James Davis, filed Defendant Gaston's Motion to Dismiss the final day of the deadline for Plaintiff to serve the summons and complaint.

3.    Plaintiff would further show that Defendant, Rick Gaston, willfully evaded service of process; as evidenced by the Process Server, Ms. Christy Chandler's affidavit, attached hereto and marked as Exhibit "A".

4.    Exhibit "A" referenced hereinabove is an affidavit, sworn to and subscribed by Process Server, Ms. Christy Chandler, who personally served Defendant, Rick Gaston, at 7:38 p.m. on May, 19, 2008 at Oaks Golf Club, 24384 Club House Drive, Pass Christian, MS 39571 and who's return was filed via CM/ECF on May 20, 2008 as docket entry number 32; states that significant investigation was required to pinpoint the exact location of Defendant, Rick Gaston.

5.    Two other Process Servers made unsuccessful attempts at service of the Defendant, Rick Gaston, prior to Ms. Christy Chandler, as all were given incorrect information by various individuals regarding the Defendant's location.

6.    After Gaston could not be located and prior to the filing of Plaintiff McBay's Motion for Additional Time, Defendant Gaston's Counsel of Record, Attorney James

Davis, was personally contacted by Attorney for Plaintiff, James Halliday, to determine the location of his client for personal service of process or to accept service on his client's behalf. Attorney Davis refused to provide any information and further refused to accept service on behalf of his client stating to Plaintiff's Counsel to "Find him" or similar words to that effect.

7.    Defendant, Rick Gaston, in his Motion to Dismiss seeks the harshest possible sanctions against McBay, i.e. dismissal of his complaint *with prejudice* (Gaston Motion, page 2, last unnumbered paragraph) (docket entry no. 31). The threshold requirements for the Court to consider granting such an ultimate sanction under Rule 4 for untimely service are high. See: *Holly v. Metro Transit Auth.*, 213 Fed Appx. 343 (5th Cir. 2007).

8.    The pre-requisite factors for the Court to consider granting Gaston's Motion asking for the harshest of ultimate sanctions (dismissal with prejudice) are:

    a.    The Plaintiff can demonstrate no 'good cause' for the delay.

    b.    Undue prejudice to the Defendant has occurred.

    c.    A clear record of inexcusable delays exists.

    d.    Aggravating circumstances are present, potentially involving some of the following factors: personal culpability by the Plaintiff, actual and critical prejudicial delay affecting Defendant, delay result of intentional conduct or sinister motivation.

Courts considering dismissal of a plaintiff's complaint for untimely service will look to the record before it to determine the sequence of events and carefully consider the explanations and motivations of the parties to determine whether any of these pre-requisite factors exist prior to any court imposed sanction. See: *Porter v. Beaumont*

3

*Enterprise and Journal, et al.*, 743 F.2d 269 (5th Cir. 1984); *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304-1306 (5th Cir. 1985).

9.    A review of Defendant Gaston's Motion reveals <u>none of these factors are alleged</u>. Additionally, a review of the record in this cause reveals <u>none of these factors exist</u>.

10.    The record of these proceedings clearly reveals that Plaintiff McBay demonstrated 'good faith' and a reasonable basis for delay in service as set forth in his Motion for Additional Time to serve (docket entry no. 11) by setting forth the fact that numerous Defendants were required to be located and served, many currently incarcerated somewhere within the Federal Bureau of Prisons. The Court agreed with the propriety of Plaintiff's request and granted additional time as requested by Plaintiff.

11.    Although not incarcerated, Defendant Gaston proved difficult to locate and to personally serve.

12.    When Gaston was personally served on May 19, 2007 with the McBay Complaint, he was also served with four additional similar complaints against him.

13.    Certainly, Plaintiff was not seeking some untoward advantage or other prejudicial delay against Defendant Gaston as evidenced by the simultaneous service of process concerning these other four Complaints within the requisite time frame for service.

14.    Plaintiff has not filed nor sought (with the exception of his Motion for Additional Time to Serve) any action (dispositive or non-dispositive) concerning any aspect of his complaint regarding Defendant Gaston (or any other Defendant).

15.    Plaintiff has merely continued locating and serving the numerous Defendants while waiting the Court's scheduling of the initial Pre-Trial Conference.

**PLAINTIFF MCBAY'S COMPLAINT SHOULD NOT BE DISMISSED**

**FOR UNTIMELY SERVICE AND THE COURT SHOULD EXTEND TIME OF**

**SERVICE TO DATE DEFENDANT GASTON WAS PERSONALLY SERVED**

16.    Plaintiff's actions demonstrate 'good cause' for the delay in service of process on Gaston and further indicate 'good faith' motives:

     a.     Plaintiff properly and timely filed a motion requesting additional time for service which the Court granted.

     b.     Plaintiff personally served Defendant Gaston only three days after the Court's extension expired.

     c.     Plaintiff personally contacted Gaston's Counsel for assistance.

     d.     Plaintiff expended extensive investigative efforts to successfully locate Gaston.

     e.     Plaintiff timely and properly served Gaston with four other similar complaints.

     f.     Plaintiff has taken no action against nor sought any procedural or other advantage concerning the delay in service to Gaston.

     g.     Defendant Gaston cannot demonstrate any detriment, prejudice or other harm caused by this delay.

     h.     Defendant Gaston has now answered the complaint against him as represented by capable Counsel of Record.

17.    Federal Rules of Civil Procedure 4 (m) states:

> "If service of the summons and complaint is not made upon a defendant within 120 days after filing of the complaint the court upon motion or its own initiative after notice to Plaintiff, shall dismiss the action without prejudice as to that Defendant or direct that service be effected within a specified time, provided that the Plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

5

18.     Therefore, in accordance with the requirements of FRCP 4 (m) and based upon the demonstrated 'good cause' for delay of service upon Defendant Gaston, the Court should "extend the time for service for an appropriate period."

19.     To dismiss with prejudice Plaintiff McBay's Complaint as requested by Defendant Gaston in his pending motion will be inconsistent with prior actions of this Court. *Tate v. Waller*, 2006 U.S. Dist. Lexis 79679 (S.D. Miss. Oct 30, 2006) (2007 U.S. Dist. Lexis 67421).

WHEREFORE, PREMISES CONSIDERED, as set forth above and under these circumstances existing now before the Court, this Honorable Court should extend the time for service for seven (7) days; or in the alternative, to the actual date of service reflected in the Court's docket by return of the summons evidencing personal service, and enter an Order to deem same service as proper and sufficient pursuant to Federal Rules of Civil Procedure, Rule 4(m), and dismiss Defendant Gaston's Motion denying the ultimate sanction requested. This requested action will be consistent with prior actions of this Court in similar circumstances and will serve the overall interests of justice.

Respectfully Submitted, this the 30th day of May 2008,

> Gary Brice McBay, Plaintiff
> By His Undersigned Counsel
> and Counsel of Record
>
>
> *s/James Bailey Halliday*
>
> _____
> James Bailey Halliday, MSB # 2924
> Attorney at Law
> P.O. Box 6783
> Gulfport, MS 39506
> Phone: (228) 831-3778
> jbhallidayesq@earthlink.net

CERTIFICATE OF SERVICE

I, James Bailey Halliday, Attorney at Law, do hereby certify that I have this date electronically filed this Response and Motion with the Clerk of the U.S. District Court via the ECF Filing System and provided a copy to all Counsel of Record who have entered their appearance in this cause via the CM/ECF electronic filing system as provided by the Federal Rules of Procedure.

This the 30th day of May, 2008.

*S/James Bailey Halliday*
Attorney at Law
MS Bar No. 2924