IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GARY BRICE MCBAY                                              PLAINTIFF

VERSUS                              CAUSE NO.: 1:07cv1205-LG-RHW

HARRISON COUNTY, MISSISSIPPI, ET AL.                     DEFENDANTS

### PLAINTIFF'S MOTION PURSUANT TO RULE 56(F) FOR REFUSAL OF APPLICATION FOR SUMMARY JUDGMENT OR FOR CONTINUANCE TO PERMIT DISCOVERY

COMES NOW the Plaintiff, GARY BRICE MCBAY, by and through his undersigned attorney(s) and pursuant to Rule 56(f) of the Federal Rules of Civil Procedure and files this, "Plaintiff's Motion Pursuant Rule 56(f) for Refusal of Application for Summary Judgment or for Continuance to Permit Discovery". In support thereof the Plaintiff would show unto this Honorable Court the following, to-wit:

On May 16, 2008, the Defendants, AMERICAN CORRECTIONS ASSOCIATION and JAMES A. GONDLES, JR., (by and through Counsel) filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also filed therewith was an Affidavit of Jeffrey Washington (Deputy Executive Director of the ACA) and a Memorandum in Support of the Motion to Dismiss.

### I. Should the Motion to Dismiss be Considered Pursuant to the Standards for a Rule 12(b)(6) or a Rule 56?

The Motion to Dismiss should be treated as one pursuant to Rule 56, as Rule 12(d) of the Fed.R.Civ.P. reads as follows:

> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

As the Motion to Dismiss has the Affidavit of Jeffrey Washington attached, the first issue the Court must address is whether the Defendant's Motion should be treated as a Motion to Dismiss pursuant to Rule 12(b)(6) or as a Motion for Summary Judgment pursuant to Rule 56. Rule 12(d) is clear that "If matters outside the pleadings are . . . not excluded by the Court, the motion **must** be treated as one for summary judgment under Rule 56." [emphasis added].

## II. Should the Court Consider the Motion to Dismiss, while Excluding Matters Outside the Pleadings?

When one reviews the Defendant's "Memorandum in Support of Motion to Dismiss" it is clear that it relies heavily upon the Affidavit of Jeffrey Washington and the Motion to Dismiss cannot be argued without the affidavit. In fact, the Memorandum relies so heavily on the affidavit that it contains a section entitled "Factual Background" that is two (2) pages in length, and derived almost exclusively from the contents of the Affidavit of Jeffrey Washington. The "Factual Background" section references the Affidavit nine (9) times. The entire Memorandum references the Affidavit fourteen (14) times. Additionally, the Memorandum sets out information regarding the accreditation of the Harrison County Adult Detention Facility (hereinafter HCADF) and even goes so far as to reference the "ACA's publication entitled Standards for Adult Local Detention Facilities, 3rd edition, most recently supplemented in 2004, . . ."[1] It is also important to note that Plaintiff's Counsel has not had an opportunity to depose the affiant, review and/or challenge the allegations contained in the "Factual Background" or view the ACA's publication entitled, Standards for Adult Local Detention Facilities, 3rd edition.

---

[1] See page 3, second full paragraph of the Memorandum.

Thus, as the basis for dismissal relies so heavily upon outside material, there is virtually no way for this Court to consider Defendant's Motion to be pursuant to Rule 12(b)(6).

### III. Plaintiff's Motion Pursuant to Rule 56(f) for Refusal of Application for Summary Judgment or for Continuance to Permit Discovery.

AND NOW, having stated why this Honorable Court should treat Defendant's Rule 12(b)(6) Motion to Dismiss as a Motion for Summary Judgment, the Plaintiff now moves this Court for relief pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Specifically, the Plaintiff requests that this Court Deny Defendant's Application for Summary Judgment (without Plaintiff having to respond), or (in the alternative) the Plaintiff be given a continuance for a reasonable period of time to conduct discovery prior to having to file a Response.

Rule 56(f) "When Affidavits Are Unavailable." reads as follows:

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

### III(A). Standard of Review for Consideration of a Motion Pursuant to Rule 56(f).

The standard of review for a Motion pursuant to Rule 56(f) can be found **in this very Court's** previous opinion in Smith v. St. Paul Fire & Marine Insurance Company, Inc., 2007 U.S. Dist. LEXIS 90807 (Decided December 10, 2007 – Civil Action No.: 1:06cv1197-LG-JMR). In Smith, this Court stated:

> To obtain a continuance of a motion for summary judgment, a party must 'specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence.'

(Smith, (quoting Access Telecomm, Inc. v. MCI Telecomms. Corp., 197 F.3d 694, 719 (5th Cir. 1999) (quoting Liquid Drill, Inc. v. Turnkey Exploration, Inc., 48 F.3d 927, 930 (5th Cir. 1995)).

The United States Court of Appeals for the Fifth Circuit has also standard for how a District Court should consider a "Motion for Refusal of Application for Summary Judgment or for Continuance to Permit Discovery". In Walters v. City of Ocean Springs, Et. Al., 626 F.2d 1317 (5th Cir. 1980)

> Where . . . the party opposing summary judgment timely presents his affidavit under Rule 56(f) stating reasons why he is currently presently unable to proffer evidentiary affidavits he directly and forthrightly invokes the trial court's discretion. Unless dilatory or lacking in merit, **the motion should be liberally treated**. Exercising a sound discretion, the trial court then determines whether the stated reasons are adequate. [emphasis added]

Walters, quoting Professor Moore on Federal Practice.

In the Case at bar, although the affidavit and Memorandum referenced material and sources outside the pleadings, none of the material or sources were attached for Plaintiff's Counsel to review, except the aforementioned affidavit. Further, at this point in the litigation there has been no discovery conducted. In fact, Plaintiff's Counsel has not even received Initial Core Disclosures. As set out more fully in the Affidavit of James B. Halliday (which is attached hereto as **Exhibit "A"**), most all of the documents the Plaintiff needs to prove his case is in the hands of the defendants, their Counsel or the Civil Rights Division of the Department of Justice. The Plaintiff also submits the Affidavit of William Dreschel (which is attached hereto as **Exhibit "B"**) as a good faith

basis for the allegations contained in the Affidavit of Attorney James B. Halliday (**Exhibit "A"**) and to support Plaintiff's allegations.

### III(B). Has the Plaintiff Acted Dilatory in Pursuing and Obtaining the Material/Information/Documentation Needed?

The Plaintiff has not acted dilatory in pursuing and obtaining the material/information/documentation needed to prepare a proper response to the Motion for Summary Judgment, because, as previously stated, almost all evidence necessary to respond is in the possession, custody and control of the defendants, their attorneys, or the Civil Rights Division of the Department of Justice. Obtaining said material has been impossible, as use of standard discovery techniques are not permissible at this point in the litigation pursuant to Rule 26(d)(1), which reads as follows:

> (d) Timing and Sequence of Discovery.
>
> (1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

In the case at bar, the conference required by Rule 26(f) has not yet taken place. Thus, Counsel is forbidden from engaging in discovery.

In Culwell & Conrad v. City of Fort Worth, 468 F.3d 868 (5th Cir. 2006), the Court stated: "The parties' comparative access to the witnesses or material relevant to the disposition of the Rule 56(f) motion is a particularly salient factor the trial court to consider in exercising its discretion." (quoting Walters v. City of Ocean Springs, Et Al., 626 F.2d 1317, 1321 (5th Cir. 1980)).

In a similar Case where discovery was almost exclusively in the possession of the movant, Littlejohn v. Shell Oil Company, 483 F.2d 1140 (5th Cir. 1973), cert. denied, 414

U.S. 1116, 94 S.Ct. 849, 38 L.Ed.2d 743 (1973), an en banc Fifth Circuit Court of Appeals, ". . . found an abuse of the trial court's discretion to deny an extension under Rule 56(f) out of an abundance of caution and to prevent a possible injustice." [See Walters v. City of Ocean Springs, Et Al., 626 F.2d 1317 (5th Cir. 1980), quoting and remarking on Littlejohn.].

In Culwell & Conrad v. City of Fort Worth, 468 F.3d 868 (5th Cir. 2006), the Court stated:

> Rule 56(f) allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990). Such motions are broadly favored and should be liberally granted. See Int'l Shortstop, Inc., v. Rally's Inc., 939 F.2d 1257, 1267 (5th Cir. 1991).

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, GARY BRICE MCBAY, prays that this Honorable Court will treat the Defendant's Motion to Dismiss as a Motion for Summary Judgment, and the Plaintiff prays that this Court will deny Defendant's application for summary judgment (without Plaintiff having to respond), or (in the alternative) that the Plaintiff be given a reasonable period of time to conduct discovery prior to having to file a Response.

The Plaintiff prays for any other relief to which he may be entitled, in the premises.

RESPECTFULLY SUBMITTED, this the 4TH day of June, 2008.

GARY BRICE MCBAY, Plaintiff

By: _____
Robert G. Harenski, MSB #10037

Robert G. Harenski & Associates
Attorneys at Law
P.O. Box 4961
Biloxi, MS 39535
Phone: 228-669-9700
E-Mail: harenskilaw@yahoo.com

James Bailey Halliday, Esq.
Attorney at Law
P.O. Box 6783
Gulfport, MS 39506
Phone: (228) 831-3778
E-Mail: jbhallidayesq@earthlink.net

John A. Foxworth, Jr., Esq.
Attorney at Law
10585 Three Rivers Road
Suite E
Gulfport, MS 39503
Ph.: 228-328-0200
Fx.: 228-328-0201
E-Mail: john@foxworthlaw.com

## CERTIFICATE OF SERVICE

I, Attorney Robert G. Harenski, do hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF System, which sent notification of such filing to the following:

Cyril T. Faneca – cy@ddkf.com,Mary@ddkf.Com,Peggy@ddkf.com,lhoyt@ddkf.com, jtiner@ddkf.com,trace@ddkf.com,hbroom@ddkf.com,brlong@ddkf.com

John A. Foxworth, Jr. – john@foxworthlaw.com,vicki@foxworthlaw.com

James B. Halliday – jbhallidayesq@earthlink.net

Robert G. Harenski – harenskilaw@yahoo.com

Karen Jobe Young – kyoung@datasync.com,janinew9@bellsouth.net

G. Dewey Hembree, III – E-Mail Address Listed

All Other Attorneys Listed in the ECF for this Case.

And that I have mailed by U.S. Postal Service the document to the following non-ECF participant(s):

NONE

SO CERTIFIED, this the 4th day of June, 2008.

_____
Robert G. Harenski, MSB #10037