State of Mississippi
County of Harrison

## AFFIDAVIT OF PLAINTIFF'S COUNSEL
## SUPPORTING RULE 56(F) MOTION

Having been first duly sworn and to the best of his personal knowledge, information and belief and after diligent and reasonable inquiry, well grounded in fact and warranted by existing law and not interposed for any improper purpose or to cause unnecessary delay or needless increase in litigation, and further incorporating all factual allegations previously plead by Plaintiff to the Honorable Federal District Court in this pendant action, James Bailey Halliday, Attorney and Counselor at Law, does depose and state the following, to wit:

## PLAINTIFF IS CURRENTLY UNABLE TO PRESENT EVIDENCE CREATING
## GENUINE ISSUES OF MATERIAL FACT

Plaintiff cannot present essential, material and relevant facts, asserted to be admissible as evidence, either by affidavit, deposition or as otherwise allowed by the Federal Rules of Civil Procedure, Federal Rules of Evidence and controlling authority and precedent, to oppose Defendants', American Correctional Association (ACA), ACA Executive Director, James A. Gondles, Jr., and the three ACA Auditors pending Rule 12 (b)(6) Motion to Dismiss as converted by Defendants to a Rule 56 Motion for Summary Judgment for the following reasons:

1.      Certain discoverable and admissible relevant, material facts and essential evidence creating genuine issues of material fact for trial are in the sole possession, control, authority and/or knowledge of the Defendants and Movants, American Correctional Association, James A. Gondles, Jr. and the three yet unidentified ACA Auditors (here in after simply referred to jointly as "ACA").

## EXHIBIT "A"

2.      These discoverable, relevant and material facts and evidence are essential to the proving of the allegations against Defendant and Movant ACA and responding to ACA's pending Motions.

3.      This discoverable, relevant and material evidence create genuine issues of material fact for trial.

4.      This discoverable, relevant and material facts and evidence are discoverable from Defendants and Movant ACA.

5.      This discoverable, relevant and material facts and evidence are discoverable from Co-Defendants and possibly other witnesses who will be revealed during discovery obtained from ACA and related proceedings.

6.      This discoverable, relevant and material facts and evidence will provide admissible evidence to prove Plaintiff"s allegations in this pendant action against ACA and Co-Defendants.

7.      This discovery is required in order to appropriately respond to ACA's Motion to Dismiss as converted by ACA into their Motion for Summary Judgment.

## PLAINTIFF HAS HAD NO OPPORTUNITY TO CONDUCT ANY DISCOVERY IN THIS OR ANY RELATED CAUSE OF ACTION

8.      Plaintiff has had no opportunity to conduct any discovery as discovery is not permissible at this initial and preliminary stage of the proceedings (all Defendants have just been served and a Pre-Trial Conference has not yet been held to schedule discovery and related proceedings).

9.      Discovery as allowed under FRCP Rule 56(f) will serve the ultimate ends of justice.

10.    Plaintiff has acted diligently in attempting to obtain evidence of ACA's and Co-Defendants disputed actions by use of private investigators, informal interview of potential witnesses, review of all documents within the public domain, review of information revealed in the press and sworn testimony given in previous criminal proceedings in court; but the ACA, its executives, employees, regional director and three on-site auditors possess, control or otherwise have knowledge of the "lion's share" of evidence Plaintiff needs to prove his well-founded allegations at trial.

FURTHER YOUR AFFIANT SAYETH NAUGHT, this the _____ day of June, 2008.

James Bailey Halliday
Attorney at Law
MS Bar No. 2924

Notary Public Seal

Sworn to and subscribed before me this the _____ day of June, 2008

Notary Public

My Commission Expires: _____

My Commission Expires: Apr 7, 2010

3