**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GARY BRICE MCBAY** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:07cv1205-LG-RHW** |
| | § | |
| **HARRISON COUNTY, MISSISSIPPI, et al.** § | | **DEFENDANTS** |

**ORDER GRANTING HEALTH ASSURANCE, LLC'S
MOTION TO DISMISS STATE MEDICAL MALPRACTICE CLAIM**

BEFORE THE COURT is the [63] Motion of the Defendant Health Assurance, LLC, to Dismiss Plaintiff's State-Law Medical Malpractice Claim pursuant to FED. R. CIV. P. 12(b)(6). Plaintiff Gary Brice McBay initiated this 42 U.S.C. § 1983 action for alleged physical and mental abuse sustained while he was a pre-trial detainee at the Harrison County Adult Detention Center ("HCADC"). The Plaintiff also filed a supplemental medical malpractice and negligence claim against Health Assurance, who argues that the Complaint fails to state such a claim under Mississippi law. The Court has considered the parties' submissions and the relevant legal authority. The motion is granted.

**FACTS AND PROCEDURAL HISTORY**

The Complaint alleges that on November 6, 2005, McBay was a pre-trial detainee at the HCADC. Health Assurance had a contract with Harrison County, Mississippi, to provide medical services to inmates and pre-trial detainees at the jail. According to the Complaint, McBay was held down by detention officers, while others beat him until he was unconscious. As a result, he suffered from "injuries [that] . . . were immediately obvious and apparent (even to non-medical professional/lay person[s]) evidencing the need for timely medical attention."

(Compl. at 16 (¶32)).  According to the Complaint, Health Assurance did not render medical assistance, but rather intentionally ignored his injuries.  McBay alleges that this conduct, among other things, "constituted a substantial departure from accepted medical practice to the level that their actions/inactions demonstrated an absence of professional medical judgment that no minimally competent professional would have responded/not responded under the circumstances," and constituted "medical malpractice."  *Id.* at 17 (¶35), 58.  Further, the Complaint alleges that Health Assurance and its employees were participants in a conspiracy to cover up the abuse of inmates and pre-trial detainees such as McBay.

Health Assurance claims that the Complaint fails to state a medical malpractice or medical negligence claim under Mississippi law.  In response, McBay claims that he has brought a federal claim against Health Assurance and that Mississippi law does not apply.[1]

## DISCUSSION

In his Complaint, McBay has brought a cause of action under 42 U.S.C. § 1983 for wilful indifference to a serious medical need in violation of his constitutional rights under the Eighth and Fourteenth Amendments.  The Court has federal question jurisdiction over claims brought under § 1983.  28 U.S.C. § 1331.  McBay has also brought a state claim for medical malpractice or medical negligence.[2]  The Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a).  In exercising supplemental jurisdiction over state law claims, a federal court must apply state substantive law.  *Zavala v. City of Houston, Texas,* 196 F.3d 1256 (5th Cir.

---

[1]In his response and memorandum McBay asserts that he has not brought a supplemental state claim for medical malpractice or negligence.  However, the Complaint language clearly makes a medical malpractice claim under Mississippi law.

[2]*See* Complaint, ¶ 35, at 17.

2

1999).

With some exceptions, which do not apply here[3], Mississippi law provides that a civil complaint bringing a claim of medical malpractice or medical negligence must be accompanied by a "certificate of consultation" which states that after consultation with a medical expert the attorney concludes that there is a reasonable basis for commencement of the action.  MISS. CODE ANN. § 11-1-58.[4]   A medical malpractice complaint which fails to comply with § 11-1-58 fails to state a claim upon which relief can be granted.  *Walker v. Whitfield Nursing Ctr., Inc.*, 931 So. 2d 583, 591 (¶31) (Miss. 2006) (holding that "without an attorney's certificate of compliance of consultation with an expert or a medical report from an expert attached to the complaint when the case was filed as required under the statute, Walker failed to state a claim upon which relief can

---

[3]  *See* MISS. CODE ANN. § 11-1-58 (3)-(4), (6)-(7) (2008).

[4]  (1) In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical or other professional services where expert testimony is otherwise required by law, the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff declaring that:

(a) The attorney has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action; or

(b) The attorney was unable to obtain the consultation required by paragraph (a) of this subsection because a limitation of time established by Section 15-1-36 would bar the action and that the consultation could not reasonably be obtained before such time expired. A certificate executed pursuant to this paragraph (b) shall be supplemented by a certificate of consultation pursuant to paragraph (a) or (c) within sixty (60) days after service of the complaint or the suit shall be dismissed; or

(c) The attorney was unable to obtain the consultation required by paragraph (a) of this subsection because the attorney had made at least three (3) separate good faith attempts with three (3) different experts to obtain a consultation and that none of those contacted would agree to a consultation.  MISS. CODE ANN. § 11-1-58.

be granted").

It is undisputed that the Complaint does not include a § 11-1-58 certificate of consultation.  Consequently, under Mississippi law McBay's state law claim for medical malpractice or negligence fails to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the [63] Motion to Dismiss Plaintiff's State-Law Medical Malpractice Claim by Defendant Health Assurance, LLC, is **GRANTED.**  Plaintiff's state law medical malpractice or medical negligence claim is hereby dismissed pursuant to FED. R. CIV. P. 12(b)(6).

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

4