IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY BRICE MCBAY**                                                                     **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 1:07CV1205-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI BY AND
THROUGH ITS BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF GEORGE PAYNE;
WAYNE PAYNE; DIANE GATSON RILEY;
STEVE CAMPBELL; RICK GATSON; RYAN TEEL;
MORGAN THOMPSON; JOHN DOES 1-4;
AMERICAN CORRECTIONAL ASSOCIATION;
JAMES A GONDLES, JR.; UNKNOWN DEFENDANTS
1-3 EMPLOYEES OF AMERICAN CORRECTIONAL
ASSOCIATION; HEALTH ASSURANCE LLC AND
UNKNOWN DEFENDANTS 1-2 EMPLOYEES OF
AMERICAN CORRECTIONAL ASSOCIATION**                   **DEFENDANTS**

<u>**DEFENDANT GEORGE H. PAYNE'S , IN HIS OFFICIAL CAPACITY,
MOTION FOR SUMMARY JUDGMENT**</u>

COMES NOW, Defendant George Payne in his official capacity, as Sheriff of Harrison County, Mississippi, by and through his attorneys of record, Dukes, Dukes, Keating & Faneca, P.A., and files this, his Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 on Several Grounds, and in support of said Motion would show unto this Court the following, to-wit:

I.

The Complaint subjudice is the First Amended Complaint filed February 27, 2009. The only remaining Defendants are Harrison County, Mississippi, by and through its Board of Supervisors, former Harrison County Sheriff George Payne, in his official capacity, and former Corrections Officer Morgan Thompson, acting under the color of state law.

## II.

In the First Amended Complaint Plaintiff alleges the following claims: 42 U.S.C. § 1983, 1985, 1988, Fourth Amendment Due Process Claim, Fourteenth Amendment Excessive Force and Conspiracy Claims, and Official Capacity Claims (custom/policy). Plaintiff alleges Defendant George Payne is liable to him for injuries sustained during an incident that occurred when the Plaintiff was booked into the Harrison County Adult Detention Center (hereinafter "HCADC") on November 6, 2005.

## III.

There is no dispute that, on November 6, 2005, Plaintiff was a pretrial detainee incarcerated at the HCADC.

## IV.

Plaintiff's allegations against Defendant George Payne are contained in Paragraphs 3, 5, 107, and 112 of the First Amended Complaint. Plaintiff specifically alleges that Defendant George Payne aided and abetted in a pattern of abuse and misuse of force within the HCADC booking area on pretrial detainees, and that Defendant George Payne conspired with others to conceal the alleged pattern of abuse and misuse of force by either condoning such acts and/or by failing to take appropriate actions and measures to prevent the alleged abusive and injurious actions by the corrections officers in booking.

Plaintiff further alleges that the Defendant George Payne failed to properly train and/or supervise his corrections officers and their supervisors, which constituted deliberate indifference on behalf of Defendant George Payne to the Plaintiff's safety, welfare and constitutional rights. Plaintiff alleges that Defendant George Payne allowed the abject lack of training and/or supervision

to become so pervasive, endemic and well-settled within the HCADC as to constitute a custom and policy. Plaintiff alleges that Defendant George Payne improperly hired, failed to properly train and supervise HCADC corrections officers, and that he conspired with other officials of Harrison County, and demonstrated deliberate indifference to the constitutional rights and medical needs of injured and abused pretrial detainees.

## V.

Plaintiff's §1983 Official Capacity Claims against Defendant George Payne are subject to dismissal because Plaintiff cannot prove that he suffered a violation of his federal constitutional rights, nor can he point to the existence of a policy, custom or practice by Defendant George Payne which was the "moving force" in causing the Plaintiff any alleged constitutional deprivation. To the contrary, under the direction of Defendant George Payne, the Harrison County Sheriff's Department had in place at all relevant times reasonable and adequate policies regarding the use of force, healthcare, internal affairs investigations, training, and other applicable policies which ensured the health and safety of both the inmates and officers. Therefore, Defendant George Payne moves for Summary Judgment on all official capacity claims.

## VI.

To the extent that Plaintiff alleges any state law claims, such law claims are subject to dismissal pursuant to Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et seq, since there is no dispute that, at all times relevant to the Complaint, Plaintiff was an inmate incarcerated at HCADC. Therefore, all of his State law claims are barred by section 11-46-9(1)(m) of the Tort Claims Act, which prohibits suits by inmates of jails or other detention facilities.

## VII.

Plaintiff fails to state a claim for a Conspiracy pursuant to 42 U.S.C. §1985 because the Complaint allegations do not describe the type of conspiracies proscribed by this statute. As such, Plaintiff's claim for conspiracy fails as a matter of law. Plaintiff's claim for a conspiracy pursuant to 42 U.S.C. §1983 fails because he cannot establish the existence of a conspiracy involving state action and a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. Also, Plaintiff cannot establish that he has lost any civil action as a result of the alleged "cover up" conspiracy, and the fact that Plaintiff is currently pursuing the claims made herein demonstrates that such right has not been lost. Therefore, Plaintiff's claims of alleged conspiratorial "cover up" fails as a matter of law.

## VIII.

To the extent that the Plaintiff seeks punitive damages, Defendant George Payne, in his official capacity, is entitled to Summary Judgment on Plaintiff's request for punitive damages.

## VIII.

In support of his Motion Defendant George Payne relies upon the following Exhibits which are attached hereto and fully incorporated herein by reference:

> Exhibit "A"   -   Deposition of Gary McBay
>
> "B"   -   Deposition of Thomas Randazzo
>
> "C"   -   Affidavit of Kenneth Allen
>
> "D"   -   Deposition of Morgan Thompson
>
> "E"   -   Affidavit of George Payne
> "E1"   -   Facility Goals, Purpose, and Mission Policy
> "E2"   -   Code of Ethics Policy

|       |   |                                                    |
|-------|---|----------------------------------------------------|
| "E3"  | - | General Rules of Conduct                           |
| "E4"  | - | Use of Force Policy                                |
| "E5"  | - | Use of Restraints                                  |
| "E6"  | - | Use of Force, General Order #10                    |
| "E7"  | - | Healthcare Services                                |
| "E8"  | - | Professional Standards Unit General Order #65      |
| "E9"  | - | General Order #62                                  |
| "E11" | - | 80 Hour training record of Ryan Teel               |
| "E13" | - | Cover Sheet dated July 20, 2005                    |
| "E14" | - | IA report of Joseph Towner                         |
| "E15" | - | Disciplinary records of Joseph Towner              |

"F" - Affidavit of Ken Katsarsis

"G" - Booking Photo of Gary McBay

"H" - Supplemental Affidavit of Ken Katsarsis

"I" - Affidavit of Donald Cabana

"J" - Memorial Hospital at Gulfport records.

"K" - Affidavit of Steve Campbell

Defendant further relies upon and incorporates herein his Memorandum of Authorities being filed with the Court contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED, Defendant George Payne, in his Official Capacity, hereby files this Motion for Summary Judgment since it is undisputed that he is entitled to summary judgment on all official capacity claims, as a matter of law. Defendant respectfully requests that, upon all issues having been duly considered, this Honorable Court will grant this Motion and dismiss this Civil Action with prejudice. Defendant prays for such other and further relief as this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 13th day of November, 2009.

        **GEORGE PAYNE, JR., IN HIS OFFICIAL CAPACITY AND HARRISON COUNTY SHERIFF'S DEPARTMENT, Defendant**

        BY:    **DUKES, DUKES, KEATING & FANECA, P.A.**

        BY:    */s/Cy Faneca*
                  CY FANECA, MSB #5128

## CERTIFICATE OF SERVICE

It is hereby certified that via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading has been delivered to the following::

    Robert Harenski
    Robert G. Harenski and Associates
    1906 Pass Road
    Biloxi, MS 39531

    Patrick R. Buchanan
    Mark Watts
    Brown Buchanan
    P.O. Box 1377
    Biloxi, MS 39533

Counsel for Harrison County:
    Karen J. Young
    Meadows Law Firm
    P.O. Box 1076
    Gulfport, MS 39502

Counsel for Wills and Thompson
    James L. Davis
    Ian A. Brendel
    Jim Davis, PA.
    P.O. Box 1521
    Gulfport, MS 39502

THIS, the 13th day of November, 2009


/s/ Cy Faneca
CY FANECA

Cy Faneca, MSB #5128
Haley N. Broom, MSB #101838
Joe C. Gewin, MSB #8851
**DUKES, DUKES, KEATING AND FANECA, P.A.**
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:**    (228) 868-1111
**Facsimile:**    (228) 863-2886