UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY BRICE MCBAY** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 1:07CV1205-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI BY AND THROUGH ITS BOARD OF SUPERVISORS; HARRISON COUNTY SHERIFF GEORGE PAYNE; WAYNE PAYNE; DIANE GATSON RILEY; STEVE CAMPBELL; RICK GATSON; RYAN TEEL; MORGAN THOMPSON; JOHN DOES 1-4; AMERICAN CORRECTIONAL ASSOCIATION; JAMES A GONDLES, JR.; UNKNOWN DEFENDANTS 1-3 EMPLOYEES OF AMERICAN CORRECTIONAL ASSOCIATION; HEALTH ASSURANCE LLC AND UNKNOWN DEFENDANTS 1-2 EMPLOYEES OF AMERICAN CORRECTIONAL ASSOCIATION** **DEFENDANTS**

STATE OF MISSISSIPPI

COUNTY OF HARRISON

## AFFIDAVIT OF STEVE CAMPBELL

PERSONALLY CAME AND APPEARED BEFORE ME the undersigned authority in and for the County and State aforesaid, the within named, STEVE CAMPBELL, who, after first being duly sworn by me on his oath, did depose and state the following:

1. My name is STEVE CAMPBELL , and I am over the age of twenty-one (21) years. I was a Captain with the Harrison County Sheriff's Office and I was the Captain for the Professional Standards Unit for the Harrison County Adult Detention Center from September, 2002 until January, 2008. I have personal knowledge of the matters and facts contained in this Affidavit and I am competent to testify to the matters stated



EXHIBIT
tabbies
"K"

herein.

2. As Captain for the Professional Standards Unit, I was charged with the responsibility of conducting internal administrative investigations and applicant background development. (See IA policy attached hereto as **Exhibit "1"**). The Professional Standards Unit of the Harrison County Adult Detention Center has the primary responsibility of investigating complaints of alleged employee misconduct and complaints of excessive use of force by Harrison County Sheriff's Department officers. If the alleged incident occurred in the Harrison County Adult Detention Center booking department, my usual and customary practice would be to view surveillance recordings of the booking room at the applicable time.

3. I was made aware that Gary Brice McBay alleged that he was assaulted, on or about November 6, 2005, in the booking area of the Harrison County Adult Detention Center.

4. I reviewed the booking area recordings of the relevant time period of McBay's booking and based upon this review, I found none of the allegations made by Mr. McBay to be true. Therefore, I took no further action into this allegation.

5. At all relevant times, I was the Captain of Internal Affairs Unit and had first hand knowledge of the maintenance and/or storage of the surveillance tapes; the surveillance tape is a true and correct copy of the events in the booking room on or about November 6, 2005; and the tape was generated in the regular course and pursuant to the regular activities of and duties of the Internal Affairs Unit, as well as upon the office of the Harrison County Sheriff, and made at or near the time of the matters set forth by, or from information transmitted by, a person with knowledge of

those matters.

I certify the above declaration is true and correct under penalty of perjury.

Affiant/Steve Campbell
Harrison County, Mississippi

Sworn to and subscribed before me on this the 12th day of November, 2009.

Robin D. Butler
Notary Public

My Commission Expires:

(SEAL)

STATE OF MISSISSIPPI NOTARY PUBLIC ID # 5534 ROBIN D BUTLER Commission Expires Nov. 28, 2012 HARRISON COUNTY

General Order #65
Harrison County Sheriff's Department
October 1,2002

George Payne, Jr, Sheriff

## PROFESSIONAL STANDARDS UNIT

1. PURPOSE

The purpose of this order is to establish the policy for managing and staffing the Professional Standards Unit of the Harrison County Sheriff's Department. This policy will outline the procedures for investigating complaints of misconduct.

2. SCOPE

This policy is directed to all department personnel.

3. POLICY

The Harrison County Sheriff's Department Professional Standards Unit shall be responsible for conducting internal administrative investigations and applicant background development.

This policy shall define the methods of investigation and discipline in order to ensure the protection of employees' rights through the conscientious investigation and ultimate disposition of each inquiry. This policy shall ensure the integrity of the department by establishing procedures that provide an investigation of any matter that might affect the efficient, professional operation of the department, and mandated compliance with all general orders.

A. Internal Investigations Authority

Internal inquiries and investigations are performed under the authority of the Sheriff. The Professional Standards Unit shall have the primary responsibility of investigating complaints of alleged employee misconduct. The Professional Standards Unit will operate under the supervision and direction of the Sheriff. All orders written or verbal issued in connection with any internal investigation shall be considered as direct orders from the Sheriff. The final authority to exonerate, declare unfounded, not sustained, or to sustain any complaint rests solely with the Sheriff. Internal inquiries are administrative and should not be construed as criminal investigations.



EXHIBIT
tabbies
"1"

B. Disciplinary Review

Members of the Professional Standards Unit may be required to attend Disciplinary Review Hearings subsequent to internal investigations. The sole purpose will be to provide the facts and circumstances surrounding the respective cases.

C. Civil Service Meetings

A representative of the Professional Standards Unit may be requested to attend regular or special civil service meetings for providing insight on disciplinary actions occurring inside the department. The representative's responsibility is solely to inform the Civil Service Commissioners of results of particular investigations.

D. PSU Area of Investigative Responsibility

The Professional Standards Unit will investigate serious or sensitive allegations of misconduct and incidents resulting in actual or potential litigation against the county, the Sheriff's Department or employees of the Sheriff's Department. Any such investigation shall be performed under the guidelines of appropriate county policies and Mississippi Statutes.

Legal Action

The Professional Standards Unit may investigate any pending legal action against the department or it's employees. Upon receipt of such information, a case file will be established which will contain all pertinent information on the action and any request for information.

E. Shift Supervisor Area of Responsibility

The appropriate immediate supervisor will investigate complaints of less serious violations. This assignment shall not relieve the Professional Standards Unit from lending assistance when requested or monitoring the investigation.

The Supervisor receiving an external complaint or filing an internal complaint is responsible for preserving evidence to include taking documentary photographs when practical and possible. The Supervisor shall take photographs of complainants in all excessive force complaints even if injuries are not visibly present.

F. **Complaints:**

- *All external complaints will be documented on a Citizen Complaint Form.* Complaints may be received in a variety of ways including, but not limited to: (a) in person (b) by mail (c) telephone (d) email (e) third party *Anonymous complaints are investigated, but have limitations caused by the inaccessibility of the complainant.*

**Procedure for Citizen Inquiry**

A citizen alleging misconduct on the part of any employee shall be directed to the supervisor on duty regardless of the time of day. The supervisor may be able to resolve the complaint without the assistance of the Professional Standards Unit. Many complaints of alleged misconduct can be handled by the Shift Commander or a supervisor, provided it is done in a professional and timely manner. Unless the complaint involves gross misconduct or a criminal violation, the Shift Commander or supervisor should make every attempt to resolve the matter without involving the Professional Standards Unit.

If the shift supervisor cannot resolve the complaint satisfactorily or there is an allegation of a criminal nature, the shift supervisor shall complete the Citizen Complaint Report and forward this form to the Professional Standards Unit without delay.

In the event a citizen directly contacts the Professional Standards Unit when initially registering the complaint, the Professional Standards Unit will be responsible for referring the complaint to the affected supervisor or completing the Citizen's Complaint Report and other necessary documentation.

**Traffic Citations/ Arrests**

Complaints relative to differences of opinion between an officer and a citizen over the issuance of a traffic citation or regarding guilt or innocence subsequent to an arrest, shall not be investigated by the Professional Standards Unit, but will be properly handled by the judicial system.

G. Use of Citizen Complaint Report

1. Personnel receiving the complaint shall have the citizen sign the Citizen Complaint Report in their presence. The substance of the complaint shall be documented in the appropriate section of this form.

2. Under no circumstances shall the Citizen Complaint Report be used as a means to threaten, intimidate, harass or discourage a citizen from making a complaint.
3. Should the citizen refuse to sign the complaint report, the receiving supervisor shall complete the report and document the refusal to sign. A memorandum concerning the allegations shall also be made. The report shall be signed in the space provided for supervisor receiving the complaint. The completed report shall be forwarded to the Professional Standards Unit without delay.

H. Internal Complaint Procedure

In furtherance of the intent of this policy, any employee may submit a written statement, documenting employee misconduct, directly to the Professional Standards Unit which shall process the complaint in accordance with this general order.

I. Written Counseling Form

Written Counseling Forms shall be utilized to document an employee's unsatisfactory performance or to document an incident involving employees. Written Counseling Forms in some cases shall serve as a written consultation. A copy of all the internal complaints or incidents shall be forwarded to the Professional Standards Unit.

If the supervisor believes the complaint, either external or internal, is of such a serious nature that it requires immediate attention, or he needs assistance, he shall contact the Sheriff or the appropriate Director within his chain of command, who shall determine if the complaint requires immediate assistance or the assignment of personnel from the Professional Standards Unit. If the appropriate Director deems that the complaint should be investigated by the Professional Standards Unit, the Director shall make the request to the Sheriff.

J. Initial Investigation Procedures

1. Upon receipt of the documentation and approval of the Sheriff, the Professional Standards Unit shall determine which general order(s), policies or statutes were violated.
2. Should a formal investigation be ordered, an *Initial Notice of Inquiry Report* shall be drafted and forwarded to the affected employee through the chain of command, except under the following circumstances:
   (a) The alleged violation is ongoing.
   (b) The investigation possibly would be compromised by the release of the information.

3. Garrity warnings shall be given to employees and signed prior to all formal interviews whereby the possibility of criminal conduct may be alleged. When there is no criminal conduct alleged, employees interviewed by the Professional Standards Unit will be advised of the authority of the investigation as well as requirements of complete truthfulness and candor. This will be documented on an audio recording tape.

K. Classification of Allegations

The Professional Standards Unit investigator shall, in the Internal Investigative Report, recommend 1 of the following 5 classifications:

1. Unfounded- the allegation is false or not factual.
2. Exonerated- the incident occurred, but was lawful and proper.
3. Not Sustained- there was insufficient evidence to prove or disprove the allegation.
4. Sustained- the allegation is supported by a preponderance of evidence to justify a reasonable conclusion that the incident did occur.
5. Policy Failure- the policy was not specific or did not cover this incident.

L. Internal Investigations

1. Internal Complaints will be assigned an IA# by the Professional Standards Unit OIC.
2. The complaint will then be assigned to a Professional Standards Unit Investigator by the OIC.

Each internal investigative report will contain:

1. The general order(s) violated.
2. The details in chronological order, addressing each point of accusation.
3. A synopsis of each witness statement.
4. Mitigating circumstances, if appropriate.
5. Recommended classification of the allegations

M. Case File Preparation:

*Unless special circumstances occur, all internal investigations must be completed within thirty days. An extension may be given by the Professional Standards Unit OIC or the Sheriff.*

Each case file and report will contain the site or copies of the general orders violated. In addition, each case file will include letters and memos relevant to the investigation. All reports must include an investigator's finding and conclusions. Findings and conclusions should be a summary listing of relevant conclusions drawn by the investigator based on facts and circumstances of the investigation and a recommended classification of the allegations shall be provided by the Investigator. The Professional Standards Unit shall not make any recommendations regarding disciplinary action. All Garrity statements, including audio or video tapes of such interviews, must be filed separately from the investigative file in an envelope marked "Garrity statement" and filed accordingly.

N. Dispositions

1. Informal Personnel Actions- Actions documented on a Written Counseling Form shall be processed by forwarding a copy of the Written Counseling Form to the Professional Standards Unit for record.
2. Formal Discipline- A copy of the Formal Discipline Report, (letter of suspension, termination, etc.) shall be maintained in the affected employee's personnel file as defined in the department General Orders and a copy to be maintained in the Professional Standards Unit file.

O. Corrective Actions

1. Informal Personnel Action- When practical informal actions should be positive and educational rather than punitive in nature. The employee's immediate supervisor will complete all informal personnel actions.
2. Formal Discipline- Construed to be punitive in nature. It includes, but shall not be limited to:

   (a) Written Reprimand
   (b) Demotion
   (c) Suspension
   (d) Termination

P. Procedural Due Process

1. Prior to awarding any level of informal personnel action or formal discipline, the recommending authority may contact the Professional Standards Unit in order to determine the record of the offending employee and the consistent level of personnel action or discipline for the violation.

2. Required Actions- The following steps will be taken to ensure due process:

   (a) The employee must be informed of the charge(s) against him/her.
   (b) The employee must be given an explanation of the evidence underlying the charge(s).
   (c) The employee must have the opportunity to respond to the charge(s).
   (d) All notices and hearings must be done in a meaningful time and a meaningful fashion.

If the internal investigation classifies the case as either exonerated, not sustained, unfounded or policy failure, the employee(s) involved will receive a letter of disposition.

Q. Reviews, Appeals and Grievances

All appeals and grievances shall follow procedures herein and established by the Harrison County Civil Service Commission and Department Policy. The Sheriff and all Division OIC personnel may review all informal and formal personnel actions.

<u>Obstruction of Internal Investigation</u>

No employee shall by writing, speaking, utterance or any other means commit an act which would hinder or obstruct an authorized internal investigation by the Harrison County Sheriff's Department.

<u>Confidentiality of Investigations</u>

All complaints and complaint investigations will be confidential and will not be discussed within or outside the department without approval of the Sheriff or his designee.

<u>Unauthorized Internal Investigation</u>

No employee shall initiate, conduct, or otherwise participate in any unauthorized investigation.

<u>Other Administrative Investigations</u>

Officer Involved Shootings

The Harrison County District Attorney's Office shall be responsible for conducting an independent investigation of all shootings involving officers of the Harrison County Sheriff's Department. The Sheriff may request other independent investigations by the Mississippi Highway Safety Patrol or other law enforcement agencies. The Harrison County Sheriff's Department Professional Standards Unit will conduct all internal investigations.

<u>Background Investigations</u>

Background investigations of applicants including sworn, non-sworn and reserves, will be conducted by the Professional Standards Unit. A background investigation by the Professional Standards Unit may be requested by any Director when the Director is informed of a need to begin the hiring process of applicants. The PSU investigator will be given a checklist of needed information, and the items on the list will be noted as to time and date of completion. Upon completion of the investigation the application will be returned to the personnel officer with a cover sheet indicating whether or not the applicant passed the background process. In addition, a copy of the cover sheet will be forwarded to the Sheriff and the affected Director. Without the approval of the Sheriff, applicants shall not be offered employment until after a satisfactory background investigation has been completed and it is determined that the candidate is suitable for the position which he/she has applied.