IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY BRICE MCBAY**                                                         **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 1:07CV1205-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI BY AND
THROUGH ITS BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF GEORGE PAYNE;
WAYNE PAYNE; DIANE GATSON RILEY;
STEVE CAMPBELL; RICK GATSON; RYAN TEEL;
MORGAN THOMPSON, et al**                                   **DEFENDANTS**

---

**DEFENDANT'S REBUTTAL TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

---

COMES NOW, Defendant, George Payne, Jr., in his Official capacity, by and through his attorneys of record, Dukes, Dukes, Keating & Faneca, P.A., and files this his Rebuttal to Plaintiff's Response to Defendants's Motion for Summary Judgment, and in support of said Rebuttal would show unto the Court, the following to-wit:

I.

**McBay has not and can not establish an "excessive force claim" necessary to give the finder of fact any basis for deciding that McBay suffered an "excessive force" constitutional violation. As McBay can produce no factual basis for such constitutional violation, the Defendant's Motion for Summary Judgment should be granted.**

In Plaintiff's nineteen (19) page Memorandum responding to Defendant's Summary Judgment Motion, McBay did not respond to Defendant's citation (See Pg. 15 Defendant George Payne's Memorandum in Support of Motion for Summary Judgment) of <u>Ontiveros v. City of Rosenburg, TX</u>, 564 F. 3d 379, 382 (5th Cir. 2009), which held that in order to

prove an excessive force claim arising to a Constitutional violation, McBay must establish:

1). An injury;

2). Which resulted <u>directly</u> and <u>only</u> from a use of force which was clearly excessive and the excessiveness of which was clearly unreasonable. (Emphasis added)

McBay's failure to address the **direct** and **only** requirement as stated in <u>Ontiveros</u> was not inadvertent, because under the undisputed facts, McBay cannot meet this burden.

In McBay's Memorandum in Opposition to Defendant George Payne's Motion for Summary Judgment, McBay gives his version of the "undisputed facts" of McBay's alleged "brutal beating" by Co-Defendant Morgan Thompson on Pg. 3 beginning at **Facts** and ending at Pg. 11 at **Custom and Practice**. During these eight (8) pages McBay mentions Choppers Lounge volunteer bartender Thomas Randazzo one time, beginning with the last sentence of Pg. 6, stating "Moreover, Thomas Randazzo the untrained and unofficial bouncer of Choppers (the bar where Plaintiff was arrested), was able to subdue Plaintiff by holding him with one hand while waiting for the police to arrive". Plaintiff then states that "Defendant maintains that Plaintiff 'arrived at the jail with the injuries that he has accusing the HCADC personnel of causing.' However, this statement is belied by the evidence and testimony in the matter." (<u>See</u> Pg. 7 of Pl. Response to MSJ).

This statement by the Defendant is accurate and is not "belied" by the evidence as established by Mr. Randazzo's deposition testimony (which is ignored by McBay), that McBay was extremely intoxicated and was observed by Mr. Randazzo to be bouncing off of cars as he staggered across the parking lot to get into his truck to drive away. Mr. Randazzo attempted to persuade McBay not to drive but to sleep it off in the cab of his

truck or to have Randazzo call a cab for him.  In response, McBay swung at Mr. Randazzo whereupon Mr. Randazzo pulled McBay from the cab of the truck to the pavement.  As Randazzo was walking McBay back across the parking lot McBay swung again at Randazzo, whereupon Mr. Randazzo punched McBay and knocked him to the ground.  Randazzo also put McBay face down on the Chopper's parking lot two times, with the last time being when Mr. Randazzo sat on McBay's back, with McBay's face into Chopper's parking lot.  See Randazzo Deposition Excerpts Exhibit **"A"**.  McBay also ignores arresting Deputy Allen's report showing that McBay's nose was bloody when Deputy Allen got to the scene to find Mr. Randazzo sitting on McBay's back, that Allen called an ambulance to the scene because of McBay's obvious injuries, and that McBay refused medical treatment, whereupon Deputy Allen transported McBay to the HCADC.

Likewise, McBay's Memorial Hospital at Gulfport Emergency Room records of November 7, 2005, reveal that McBay has a chronic deviated septum, two black eyes, abrasions and contusions to his left forehead, right  elbow and knee.  The Memorial Hospital at Gulfport Emergency Room record does not mention the pre-arrest altercation between Randazzo and McBay.  The Memorial Hospital at Gulfport Emergency Room records make no mention of a concussion or any other significant injury to McBay.

Following his November 7, 2005 Memorial Hospital at Gulfport Emergency Room admission, McBay next sought treatment for his alleged injuries arising on November 6, 2005, when he presented for a single visit on June 18, 2007 (twenty-one (21) months after November 6, 2005) to Gulfport Neurologist Dr. Diane Ross, whose records refer to McBay's injuries listed in the November 7, 2005 Memorial Hospital at Gulfport Emergency Room records.  McBay next presented to the Coastal ENT office for a single visit on

August 14, 2007 (twenty-three (23) months after November 6, 2005). The ENT records show as an impression; "old nasal and septal fracture." McBay was next presented by his attorney for "evaluation" to Neuro-psychologist Dr. Stephen Martin on December 3, 2007, twenty-seven (27) months following the November 6, 2005 incident. There is no mention made in any of the above medical records of the pre-arrest altercation between Thomas Randazzo and the Plaintiff, Brice McBay.

McBay cannot use his November 7, 2005 "morning after" color booking photo, nor can he use the above medical records as proof that his two black eyes, facial contusions and broken nose were "directly and only" caused by Co-defendant Morgan Thompson's alleged Harrison County Adult Detention Center shower assault. Therefore, Defendant's Motion for Summary Judgment should be granted.

II.

**Plaintiff cannot establish the existence of an official policy, promulgated, adapted or ratified by Defendant George Payne, Jr., of Harrison County Adult Detention Center Booking Officers abusing and using excessive force against detainees or inmates. Assuming arguendo that McBay could establish such an official policy, or that he could establish a Constitutional violation, he has no facts, evidence or testimony sufficient to meet his "heavy burden" to prove either deliberate indifference on behalf of Defendant George Payne, Jr., or that an alleged official policy and practice was the moving force in causing an alleged Constitutional violation against the Plaintiff.**

McBay's Response to Defendant's Motion for Summary Judgment cites the following evidence as proof of an official policy of HCADC booking officers abusing, torturing, intimidating and harassing pre-trial detainees/inmates:

1) <u>Plea Agreements</u>: These plea agreements cited by the Plaintiff are not competent evidence as these plea agreements for the indicted HCADC deputies were negotiated

between the DOJ attorneys and the indicted deputies' respective attorneys, with the goal of the Defendants to minimize their respective prison sentences. As such, admissions by these deputies that they participated in and also witnessed hundreds of assaults upon unnamed inmates at unspecified times is not an adequate basis to establish an official pattern and practice as described by the Plaintiff. See attached Deposition Excerpts of Morgan Thompson (Exhibit **"B"**), Regina Rhodes (Exhibit **"C"**), and Karl Stolze (Exhibit **"D"**).

    2) <u>Steve Martin Report</u>: This report was issued as a result of a routine inspection by Mr. Martin, acting on behalf of the United States Department of Justice, as required by the Consent Decree of 1995, In the United States District Court for the Southern District of Mississippi, Southern Division, <u>United States of America v. Harrison County, Mississippi, et al</u>, Civil Action Number: 1:95cv5GR. Defendants have never been held in contempt of this Consent Decree, which includes the incidents referred to in Steve Martin's letter of July 20, 2005.

    3) <u>Deposition of Sheriff Payne, in his Official Capacity</u>:

Question: Do you believe that this is a - this problem in these plea exhibits is a problem you should have known about?

Answer: Yeah. **I don't know if it was possible for me to know about it. But, I wish I'd known about it.** (emphasis added to highlight Sheriff Payne's substantive answer and not the "Yeah" as Plaintiff emphasized)

    4) <u>Deposition of Regina Rhodes</u>: Ex-Harrison County Adult Detention Center Booking Deputy Regina Rhodes voluntarily appeared, without being subpoenaed and at

the request of the Plaintiff, who took her deposition at the Plaintiff attorney's office on September 17, 2009. McBay quotes Rhodes deposition testimony for her description of an alleged pattern of abuse that she personally observed while working in Booking at HCADC. Based upon Regina Rhodes deposition testimony, McBay concludes in his Response at Page 16 "This abuse and violence was so widespread and over such a period of time that Sheriff George Payne, in his Official Capacity, and the Harrison County Board of Supervisors had either actual or constructive knowledge of the activities."

Ex-Deputy Regina Rhodes offered the following testimony at her Deposition: (Page 121, Line 10-13):

> Q: There wasn't any real conspiracy, was there?
>
> A: Conspiracy as in everybody wrote false reports, yes, they did.

Thus, Regina Rhodes did not admit to conspiring, with her fellow HCADC booking officers to abuse detainees/inmates, but only to conspiring to write false reports which would keep knowledge of any detainee/inmate abuse from Sheriff George Payne, Jr. and his direct subordinates. Rhodes testimony is not relevant to nor probative of any "official" policy, pattern or practice to abuse detainees/inmates that was promulgated or condoned by Sheriff George Payne, Jr.

5) <u>Trial Testimony of Teel</u>: The trial testimony excerpts refer only to events or activities regarding HCADC Booking deputies, presumably the 9 indicted deputies and not the remaining approximately 28 un-indicted deputies. As Ex-Booking Deputy Regina Rhodes admitted, there was a "Conspiracy as in everybody wrote false reports, yes, they did."

Ex-Booking Deputy Karl Stolze, who likewise entered into a Plea Agreement,

testified at his deposition regarding his plea of "Conspiracy to deprive rights under color or law" that he supposed that his co-conspirators were whoever was at the trial, George Payne was not a part of any conspiracy and that he did not know about any policy at the Harrison County Jail to abuse prisoners for sport. (Karl Stolze Deposition Excerpts, Page 9, Line 6-24). Thus, there is no factual basis for Plaintiff's concluding statement (Plaintiff's Response, Page 16) that "This abuse and violence was so widespread and over such a period of time that Sheriff George Payne, in his Official Capacity, and the Harrison County Board of Supervisors had either actual or constructive knowledge of the activities."

6) <u>Alves v. Harrison County, et al Order dated February 23, 2009</u>: Ex-Deputy and Co-Defendant Morgan Thompson's Deposition Testimony. <u>See</u> Exhibit **"B"**, Page 15, Line 4 to Page 16, Line 4, explains how the "hundreds of unjustified assaults" referred to in the Court's Order denying the <u>Alves</u> Defendants' Summary Judgment Motion was determined by the DOJ. Morgan Thompson's description of the DOJ calculation and estimate of these "hundreds of incidents" participated in and witnessed, provides no basis to meet the "similar events" as required by the Court in order to prove that a pattern and practice existed that could have been a moving force in alleged Constitutional violations.

III.

**Assuming arguendo an official pattern and practice of abusing HCADC inmates existed, Plaintiff has produced no facts to meet his "heavy burden" to show that the policy and practice was the moving force in causing an excessive force Constitutional violation against McBay, assuming arguendo there was a Constitutional violation.**

Plaintiff's entire "moving force" argument found in Plaintiff's Response to Defendant's Motion for Summary Judgment is replicated below:

From Page 2 of Plaintiff's Response:

Finally, the custom and practice of abuse being a moving force behind the assault on Plaintiff is a genuine issue of material fact due to the admissions and the numerous plea agreements for various correctional officers, Steve Martin's Report submitted to the Sheriff and Board of Supervisors, deposition testimony of George Payne, deposition testimony of William Martin, deposition testimony of Bobby Eleuterius, deposition testimony of Regina Rhodes, sworn testimony of various other individuals, this Court's finding of a genuine issue of material fact with respect to a moving force in Alves.

From Page 17 of Plaintiff's Response:

As discussed supra, the officer involved in the assault on the Plaintiff has been convicted of numerous similar assaults. Also, there is a significant amount of evidence before the Court that the officers in the Booking area of the jail believed it was humorous to wrongfully assault inmates (i.e. taunting, teasing, naming days of the week, etc.) Accordingly, for all the reasons cited above, there are genuine issues of material fact with respect to whether the custom of inmate abuse was a moving force behind the assault on the Plaintiff.

**Summary of McBay "moving force" factors:**

1. Admissions in the numerous plea agreements;
2. Steve Martin's Report;
3. Deposition testimony of William Martin, George Payne, Bobby Eleuterius and Regina Rhodes;
4. The Court's Alves decision, denying Defendant's summary judgment;
5. Officer (Morgan Thompson) involved in the assault of the Plaintiff has been convicted on numerous similar assaults;
6. Booking Officers believed it was humorous to taunt and tease inmates and name days of the week.

Plaintiff cannot just make allegations that there was a "moving force" causal connection between an alleged pattern and practice of abusing detainees and an alleged excessive force Constitutional violation against the Plaintiff. He must provide facts substantiated by admissible evidence or testimony in order to avoid summary judgment on this issue. In this case, none of the six (6) items listed above relate to or point to the

existence of the required "moving force" causal connection. Thus, the Plaintiff has failed completely to meet his heavy burden of establishing "the moving force" as required by Monell.

Plaintiff has failed to address the remainder of his claims and/or Payne's arguments; therefore, Payne respectfully submits that he is entitled to Summary Judgment on all remaining claims. Lastly, Defendant has filed a Motion to Strike many of the Plaintiff's exhibits contemporaneously herewith and incorporates said document herewith.

## **CONCLUSION**

The only alleged "constitutional violation" claim that McBay has, is his excessive force claim against Co-Defendant Morgan Thompson. The only viable proof that the Plaintiff has to support his excessive force claim is his HCADC color booking photograph taken the morning after his November 6, 2005 incarceration. This photograph should not be admitted into evidence, as it shows the cumulative effects of Mr. Randazzo's ongoing pre-arrest Chopper's parking lot altercation with McBay, and as such, the jury will not be able to parse the photograph and determine the contribution, if any, of Morgan Thompson's actions, to McBay's black eyes, contusions and crooked nose, as shown in this photograph. McBay could not provide any facts, based upon admissible evidence, with which he can possibly meet the **direct** and **only** test of Ontiveros that he must do in order to prove a constitutional violation. Even if McBay could establish a material factual dispute as to his excessive force claim, he cannot produce a material factual dispute sufficient to meet his heavy burden to establish that there was a causal connection between an alleged

pattern and practice of abusing detainees/inmates and the alleged excessive force claim against him.

As a matter of law, Plaintiff's allegations should all be dismissed with prejudice. Based on the foregoing, Defendant George Payne, Jr., in his Official Capacity as Sheriff of Harrison County, hereby submits this his Rebuttal to Plaintiff's Response to Defendant's Motion for Summary Judgment, and respectfully requests that, upon all issues having been duly considered, this Honorable Court will grant his Motion and dismiss this Civil Action with prejudice and with costs.  Defendant prays for such other and further relief as this Honorable Court deems appropriate

This the 8th day of January, 2010.

                **GEORGE PAYNE, JR., Defendant**

                **BY:   DUKES, DUKES, KEATING & FANECA, P.A.**

                BY:   /s/ Cy Faneca
                         Cy Faneca MSB #5128

Cy Faneca, MSB #5128
Joe Gewin, MSB #8851
Haley N. Broom, MSB #101838
Jon S. Tiner, MSB #101733
**DUKES, DUKES, KEATING & FANECA, P.A.**
2909 13th St., Sixth Floor
Gulfport, MS 39502
Telephone:   228-868-1111
Facsimile:    228-863-2886

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Patrick R. Buchanan
>Steven B. Dick
>Mark Watts
>Brown Buchanan
>P.O. Box 1377
>Biloxi, MS 39533
>*Attorneys for Plaintiff*
>
>Karen J. Young
>Meadows Law Firm
>P.O. Box 1076
>Gulfport, MS 39502
>*Attorney for Harrison County*
>
>James L. Davis
>Ian A. Brendel
>Jim Davis, P.A.
>P.O. Box 1521
>Gulfport, MS 39502
>*Attorneys for Morgan Thompson*

This, the 8th day of January, 2010.

>*s/CyFaneca*_____
>CY FANECA