Case 1:07-cv-01205-LG-RHW    Document 335-3    Filed 01/08/10    Page 1 of 7

McBay, Al-Khidhr & Seal v. Harrison County, Mississippi, by and through its Board of Supervisors, et al
Videotaped deposition of: Morgan Lee Thompson                August 14, 2009

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

Southern Division

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| GARY BRICE McBAY, | \* | 1:07CV1205-LG-RHW |
| WILLIAM DAVID SEAL, | \* | 1:08CV175-LG-RHW |
| ONLY AL-KHIDHR, | \* | 1:07CV1223-LG-RHW |
| Plaintiffs, | \* | |
| v. | \* | |
| HARRISON COUNTY, MISSISSIPPI | \* | |
| BY AND THROUGH ITS BOARD OF | \* | |
| SUPERVISORS, et al., | \* | ORIGINAL |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

VIDEO-RECORDED DEPOSITION OF

MORGAN THOMPSON

August 14, 2009

9:39 a.m. - 11:06 a.m.

Hopewell, Virginia

REPORTED BY:  Kurt D. Hruneni, CCR-VA

EXHIBIT "B"

Case 1:07-cv-01205-LG-RHW    Document 335-3    Filed 01/08/10    Page 2 of 7

McBay, Al-Khidhr & Seal v. Harrison County, Mississippi, by and through its Board of Supervisors, et al
Videotaped deposition of: Morgan Lee Thompson                August 14, 2009

Page 12

```
 1        approximately 9:44 p.m.  We're now off the record.
 2
 3              (Discussion off the record.)
 4
 5              THE VIDEOGRAPHER:  The time is
 6        approximately 9:47 a.m.  Please note the
 7        correction to the previous two time announcements.
 8        They were a.m., not p.m.
 9
10              MR. BRENDEL:  As far as the instruction
11        not to answer, I'm going to instruct the witness
12        not to answer with any incidents in the Ryan Teel
13        incident.
14              The witness can generally answer as to
15        events within the plea agreement, not events
16        outside the plea agreement.
17
18              BY MR. GEWIN:
19        Q     Mr. Thompson, during your employment there
20   at the Harrison County Adult Detention Center in the
21   booking department, was there, in fact, a policy to
22   abuse inmates or detainees at the jail?
23        A     No, sir.
24        Q     During your employment in the booking
25   department of the Harrison County Adult Detention
```

Case 1:07-cv-01205-LG-RHW   Document 335-3   Filed 01/08/10   Page 3 of 7

McBay, Al-Khidhr & Seal v. Harrison County, Mississippi, by and through its Board of Supervisors, et al
Videotaped deposition of: Morgan Lee Thompson          August 14, 2009

Page 13

```
 1  Center, were you aware of any conspiracy to abuse
 2  inmates?
 3       A     That depends on what you consider a
 4  conspiracy.  I mean, Department of Justice said a
 5  conspiracy was knowing that somebody didn't write down
 6  every single little detail that happened in a report.
 7             They made it sound like a -- in court, we
 8  all got together and decided we were just going to beat
 9  up everybody that came in.  That's not the case.
10             But to their definition of knowing that
11  people left out parts of reports?  Yes.  Yes.
12       Q     During your employment at the Harrison
13  County Adult Detention Center, did you ever use
14  excessive force on any inmate or detainee who was being
15  compliant and cooperative?
16       A     No, sir.
17       Q     Was your immediate supervisor for a period
18  of time Rick Gaston?
19       A     Yes, sir.
20       Q     Did Mr. Gaston have any part of any
21  conspiracy, that you're aware of, conspiracy to abuse
22  inmates?
23       A     As far as I was involved in it, as well.
24  Yes.  He had just as much involvement as I did.  If to
25  keep down on paperwork and everything, instead of
```

Case 1:07-cv-01205-LG-RHW   Document 335-3   Filed 01/08/10   Page 4 of 7

McBay, Al-Khidhr & Seal v. Harrison County, Mississippi, by and through its Board of Supervisors, et al
Videotaped deposition of: Morgan Lee Thompson                    August 14, 2009

Page 14

```
 1   writing a 20-page report on every sentence that
 2   somebody said, you condense it down to the important
 3   parts, the times, the dates, what happened, the
 4   important things that happened, in your report, clear,
 5   concise, and file the report.
 6              You don't have to add all the frills to it.
 7   He knew we did that.
 8        Q     Okay.  Now, aside from the issue of
 9   possibly falsifying, embellishing, condensing reports,
10   however you want to say it, what I'm talking about are
11   the actual conspiracy to purposely abuse or assault
12   inmates.
13              Was Rick Gaston a part of that, if it
14   existed?
15        A     No, sir.  No, sir.
16              MR. BUCHANAN:  I'm going to object to the
17        form and calling for a legal conclusion.
18              MR. CHASE:  I'll object, as well.
19              MR. GEWIN:  What's the specific
20        objection?  I'll correct it, if I can.
21              MR. BUCHANAN:  I think, one, it's
22        leading.  And two, I think it's calling -- asking
23        him as a layperson to make legal conclusions
24        relative to law that he's not qualified to make.
25              MR. BRENDEL:  I'm going to join in the
```

Case 1:07-cv-01205-LG-RHW   Document 335-3   Filed 01/08/10   Page 5 of 7

McBay, Al-Khidhr & Seal v. Harrison County, Mississippi, by and through its Board of Supervisors, et al
Videotaped deposition of: Morgan Lee Thompson                        August 14, 2009

Page 15

```
 1         objection.
 2
 3              BY MR. GEWIN:
 4         Q    During the plea agreement here, I noticed
 5    that on page 3 it says that you -- there's a statement
 6    made that you participated in over 100 assaults against
 7    inmates, and that you observed co-conspirators
 8    participate in over 100 additional assaults against
 9    inmates at the jail.
10              Did that really happen?
11         A    Their idea of an assault was any kind of a
12    fight.  Any kind of a fight between an inmate and an
13    officer, they considered an assault.
14              When we had discussed that number, we had
15    sat down and they said, "How many times have you been
16    involved in a fight, would you say?"
17              I said, "I don't know.  Sometimes one a
18    week, sometimes one every month.  It just depends."
19              And they said, "Okay.  Well, assuming that
20    you got into one fight a week, that would add up to --
21    you know, 52 weeks a year or whatever, and how many
22    years did you work there.  Okay.  So this would add
23    up" --
24              So they're assuming that every fight that
25    we got into was an officer assault.  And the fights
```

Case 1:07-cv-01205-LG-RHW    Document 335-3    Filed 01/08/10    Page 6 of 7

McBay, Al-Khidhr & Seal v. Harrison County, Mississippi, by and through its Board of Supervisors, et al
Videotaped deposition of: Morgan Lee Thompson                August 14, 2009

Page 16

```
 1   that I have seen and weren't involved in, the things
 2   that I had responded to but were already finished by
 3   the time I got there, they considered those assaults,
 4   as well.
 5       Q     Were the deputy --
 6       A     Were there conflicts?  Yes.
 7       Q     Were the deputies at that time armed with
 8   sidearms or billy clubs or anything like that?
 9       A     No, sir.
10       Q     Did you have an OC spray?
11       A     Yes, sir.
12       Q     Was that your only method of control --
13       A     OC spray was the only thing we had.  Yes,
14   sir.  Until we got the tasers.
15       Q     All right.  We're talking on top of each
16   other.  And that's my fault, too.  So I'll try to --
17   let me finish my question, even though you anticipate
18   it.  And I'll be patient and let you answer completely;
19   okay?
20       A     I'm sorry.
21       Q     There's, I guess, a good bit of times at
22   the jail when you're dealing with people -- this is the
23   question.  Now, if you have intoxicated people come in
24   at night, are they sometimes uncooperative or unruly?
25       A     Quite often.
```

Case 1:07-cv-01205-LG-RHW    Document 335-3    Filed 01/08/10    Page 7 of 7

McBay, Al-Khidhr & Seal v. Harrison County, Mississippi, by and through its Board of Supervisors, et al
Videotaped deposition of: Morgan Lee Thompson                August 14, 2009

Page 25

```
 1   the cell until they do want to comply.
 2       Q      The earlier question I asked you, I was
 3   quoting verbatim from the DOJ attorney when he stated,
 4   "The report suggested that if inmates had been more
 5   compliant, the defendants would not have had to assault
 6   them."  The word "assault" was the DOJ's word.
 7              Did you use a continuum of force, or did
 8   you really think it was an assault if you had to use
 9   force to restrain or control an inmate or detainee?
10       A      I don't believe it was --
11              MR. BUCHANAN:   Object to the form.
12
13              BY MR. GEWIN:
14       Q      You may answer.
15       A      I don't believe it was assault.  Like I
16   said, the way they came up with their numbers, anytime
17   there was any kind of physical conflict between an
18   inmate and an officer, the DOJ would call it an
19   assault.
20       Q      You've had training, I assume, when you
21   were a deputy.
22       A      Yes, sir.
23       Q      Could you kind of tell us -- I don't want
24   dates and times -- but generally what kind of training
25   you went through --
```