**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**GARY BRICE MCBAY**                                                               **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO: 1:07cv1205-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI, ET AL.**                              **DEFENDANTS**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY**

COMES NOW, Plaintiff, Gary Brice McBay ("Plaintiff"), by and through his undersigned counsel, and submits this Response in Opposition to Defendant Sheriff George Payne, in his official capacity, Motion for Leave to file Sur-Reply [Docket No. 329] and would show unto the Court as follows:

Defendant has moved for leave to file a sur-reply to Plaintiff's Reply Brief in support of Motion for Spoliation. Defendant claims "new" evidence from the Department of Justice as his reasoning for the additional filing. However, as has been briefed in a similar matter, *Seal v. Harrison County, et al.*, Civil Action No. 1:08-cv-175-LG-RHW, the hard drive copy from the DOJ does not add anything or change the analysis in the matter *sub judice*.

**<u>Diligence</u>**

Defendant claims letters to the DOJ dated September 2009 and October 2009 are evidence of his diligent attempts to find the missing. digital booking videos. However, the following timeline with respect to relevant dates in this lawsuit demonstrate Defendant's genuine lack of diligence:

| | |
|---|---|
| November 16, 2007 | Plaintiff files lawsuit. |
| May 16, 2008 | Payne answers complaint |
| July 21, 2008 | Payne submits initial disclosures |

| June 18, 2009 | Payne submits responses to discovery |
| July 2009 | Fayard erases hard drive |
| September/October 2009 | Payne writes the DOJ |

If Defendant was truly diligent, he would have realized that Plaintiff's digital booking video did not exist when he (the Defendant) produced his initial disclosures in July 2008 (there were digital booking videos in the other cases Defendant is litigating). If Defendant was truly diligent, he would have began searching for the Plaintiff's digital booking video at that time, not September and October 2009 – more than a year later. Indeed, in response to discovery in June 2009, Defendant *never mentioned the existence of digital video booking videos* (missing or otherwise). As has been briefed and documented, the only booking videos produced by Defendant in this matter are grainy, black and white, fast-forward motion VHS videos which Defendant's designees have acknowledge as extremely poor quality. If Defendant was truly diligent, at the very least, he should have began his letter writing campaign to the DOJ in June 2009 – but he did not. A month after producing discovery responses, Fayard, Defendant's 30(b)(6) designee, erased the hard drive on which Steve Campbell, Defendant's 30(b)(6) designee, unequivocally testified he stored the Plaintiff's booking video.

These dates are uncontroverted. And, this timeline proves Defendant was anything but diligent in "looking into" the Plaintiff's missing booking video. If he was truly diligent, Defendant could have produced Steve Campbell's actual hard drive before it was erased by Kevin Fayard  – the hard drive that was erased by Kevin Fayard in July 2009 because Fayard thought "[T]o be perfectly honest, I figured all the stuff that was on that that he would have saved was at least two years old at this point. If they needed it, they would have already gotten it." Defendant did not attempt to preserve the original hard drive; instead, he has produced a

copy of a hard drive obtained from DOJ. The hard drive produced has no chain of custody, no reference as to when the hard drive was copied, and no dates and times on who reviewed the hard drive. Defendant only produced a computer print-out of videos after his computer consulting firm reviewed the copy of the hard drive.

Finally, with respect to Defendant's lack of diligence in the case at bar, Defendant has failed to identify the author of the narrative from the Use of Force Report pertaining to Plaintiff's incident. Defendant produced this report in his Pre Discovery Disclosures, but failed to identify the author. The subject report states it was authored by Defendant Morgan Thompson. However, Thompson testified he did not write it, but that it was written by Officer Teel. See Exhibit "A", Thompson Deposition, p. 10, Lines 20-22. Thompson admitted Teel never actually witnessed the incident. *Id.* at p. 13 Lines 16-22. Thompson maintains that Teel was in another area of booking and heard the event. *Id.* Based on this, Thompson claims Teel wrote the subject report. *Id.* However, contrary to Thompson's assertion, and according to Defendant Payne's responses to Requests for Admission, the roster sheet for the night in question, the video evidence, and Teel's time card, Teel was not present on the night of Plaintiff's beating. See Exhibit "B".

In the effort to determine the true author of the important piece of evidence, Plaintiff, through counsel, has sent multiple correspondence to Defendant requesting the identity of the person who authored the report. See Exhibit "C". Just today, Defendant through counsel provided a response to Plaintiff's inquiry, and Defendant does not know who wrote the report and seems to intimate that it is Plaintiff's burden to determine the author. See Exhibit "D". Defendant's assertions regarding diligence in resolving issues in the case at bar must be heavily scrutinized.

## <u>Existence of Digital Recordings</u>

Defendant now argues the missing digital booking video was ***never*** saved to the computer of its 30(b)(6) designee (who testified it was saved to his computer). Defendant asserts "despite testimony to the contrary, the digital recordings of Plaintiff's booking at the HCADC were not saved to the hard drive." Docket No. 329, Exhibit "A".

Defendant is attempting to distance himself from the testimony of his 30(b)(6) designee, Steve Campbell, with respect to Campbell saving the video to his computer. In Defendant's Response in Opposition to Plaintiff's Motion for Sanctions for Spoliation, Defendant informed this Court as follows:

> "Steve Campbell preserved this evidence and saved it onto the hard drive of the computer where he would leave it indefinitely for all purposes, including upcoming litigation." [Docket No. 307, p. 6].

Defendant informed this Court as to these "facts" in an attempt to demonstrate Defendant's "good faith" effort to preserve the evidence, in the context of Fayard's "good faith" destruction of the hard drive.

Defendant also informed this Court that, with respect to Steve Campbell:

> "Captain Campbell specifically testified that he kept everything on his hard drive 'forever', and stated that if he were still with HCSD, he would still have these data." *Id.* at p. 2.

Captain Campbell was Defendant's 30(b)(6) designee. They selected him (Plaintiff did not select him) to testify about the areas to which he responded in his deposition. As set out above, Defendant adopted his testimony in the pleadings he filed in this Court as factually correct.

Defendant has now done an "about-face" and now wants to run away from the binding testimony of his own 30(b)(6) designee, Captain Steve Campbell. After telling this Court that

4

Steve Campbell saved the video to his hard drive, Defendant now maintains that Campbell, Defendant's 30(b)(6) designee, was wrong when he unequivocally testified under oath, as Defendant's 30(b)(6) representative, that he saved the video to his hard drive. Captain Campbell is one of Defendant's 30(b)(6) designees, and as such, they are bound by his testimony. *Starlight Int'l, Inc., v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999) (holding that a Rule 30(b)(6) designee provides "binding answers on behalf of the corporation.") (citations omitted).

Finally, Defendant asserts the missing digital video must have been automatically overwritten because it was within in a temporary file. Despite Defendant's designee's testimony to the contrary, even assuming this to be true, Defendant has failed to state how long videos remain in a temporary file, which would be relevant to the issue should the Court accept Defendant's fourth purported story with respect to what happened to the missing booking video.

The undisputed facts with regard to the missing ***digital*** surveillance video of the Plaintiff's incident in booking are that: (1) digital video recordings were ***created*** of the Plaintiff's incident in booking; (2) Defendant's 30(b)(6) designee Capt. Steve Campbell ***saved*** the digital video recording of the Plaintiff's incident in booking to the hard drive of his computer; and (3) the subject digital video recordings no longer exist. Defendant's 30(b)(6) designees testified the video was saved, and now the video is destroyed. Whether it was destroyed by Fayard or someone else, the only unbiased evidence in this matter is gone and the Defendant is to blame. Only the Defendant controlled this valuable piece of evidence. Due to the numerous accounts, changes in positions, and destruction of the only unbiased piece of evidence, the "*circumstances*" of Defendant's conduct evidences bad faith. See *Vick v. Texas Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975) (emphasis added). Accordingly, Defendant should be sanctioned for spoliation of evidence. See *Great American Ins. Co. of*

*America v. Lowery Development, LLC*, 2007 WL 4268776 (S.D. Miss. Nov. 30, 2007).

Respectfully Submitted

GARY BRICE MCBAY, Plaintiff

BY:  BROWN BUCHANAN, P.A.


BY:    /s/ Mark V. Watts
       PATRICK R. BUCHANAN
       MARK V. WATTS


PATRICK R. BUCHANAN (MSB #8439)
MARK V. WATTS (MSB #102204)
BROWN BUCHANAN, P.A.
796 VIEUX MARCHE, SUITE 1
POST OFFICE BOX 1377
BILOXI, MS  39533-1377
TELEPHONE: (228) 374-2999
FACSIMILE:  (228) 435-7090

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that I have this day electronically filed a true and correct copy of the foregoing pleading with the Clerk of Court using the ECF system which sent notification to such filing to the following counsel of record:

| | | |
|---|---|---|
| Joe Crawford Gewin | Ian A. Brendel | Karen Jobe Young |
| Haley N. Broom | Jim Davis, P.A. | Meadows Law Firm |
| Dukes, Dukes, Keating & Faneca | P.O. Box 1521 | P.O. Box 1076 |
| P.O. Drawer W | Gulfport, MS 39502 | Gulfport, MS 39502 |
| Gulfport, MS 39502-0680 | | |

Dated, this the 14th day of January, 2010.

/s/Mark V. Watts
PATRICK R. BUCHANAN
MARK V. WATTS

PATRICK R. BUCHANAN (MSB #8439)
MARK V. WATTS (MSB #102204)
BROWN BUCHANAN, P.A.
796 VIEUX MARCHE, SUITE 1
POST OFFICE BOX 1377
BILOXI, MS 39533-1377
TELEPHONE: (228) 374-2999
FACSIMILE: (228) 435-7090