IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY BRICE MCBAY**                                                            **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 1:07CV1205-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI, ET AL.**                      **DEFENDANTS**

**DEFENDANT, GEORGE PAYNE'S MOTION IN LIMINE NO. 4
TO BAR PLAINTIFF'S EVIDENCE, TESTIMONY AND REFERENCES TO
THE CRIMINAL PLEA AGREEMENTS, JUDGMENTS AND INDICTMENT**

COMES NOW, Defendant, Sheriff George Payne, in his official capacity, by and through his attorneys of record, Dukes, Dukes, Keating & Faneca, P.A., and moves this Honorable Court in *limine*, for an Order barring Plaintiff's evidence, testimony and references to the Criminal Plea Agreements, Judgment and Indictment of convicted officers in *U.S.A. V. Teel* and others. In support thereof, Defendant states as follows:

1. Defendant respectfully moves this Court to bar Plaintiff from offering any evidence, reference, testimony or argument referencing the criminal plea agreements, judgment and indictment of convicted officers in the criminal trial of *U.S.A. V. Teel* and others[1]. See **Exhibits "6"**.

2. The entirety of this evidence is introduced to prove the "truth of the matter asserted" and is the personification of hearsay, pursuant to Fed. R. Evid. 801 and 802. Pursuant to Fed. R. Evid. 401 and 402, this evidence is not relevant for the very purposes in which it is anticipated that Plaintiff seeks to utilize it. Fed. R. Evid. 403 provides that although evidence may be considered relevant, it may be excluded if its probative value is substantially outweighed by the danger of unfair

---

[1] Defendant objects to the introduction of all plea agreements, judgments and indictments in the cases of *USA v. Teel, Rhodes, Thompson, Caldwell, Wills, Priest, Moore, Evans, Stolze and Fulton*.

prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. This evidence will be unfairly prejudicial to the Defendant and should be barred. Additionally, this is strongly akin to what Fed. R. Evid. 404(b) strictly prohibits, and it is clearly untrustworthy pursuant to Fed. R. Evid. 807. See Depo Testimony of Stolze, Rhodes, and Thompson **Exhibit "7"**.

    2.    Defendant, specifically moves in *limine* herein, to bar, restrict/redact all reference, testimony or argument regarding any unsubstantiated incident that is not specifically identified because it is the essence of unfair prejudice and should be excluded here.

    3.    To the extent that Plaintiff has failed to request an Order from this Court and the U.S. Attorney's Office, granting the unsealing of this evidence for the purposes of this case, they should also be excluded.

    4.    In the event the Court allows the introduction of this evidence and/or testimony regarding same, Defendant reserves the right to introduce portions of Thompson's video deposition into evidence to rebut same.

WHEREFORE PREMISES CONSIDERED Defendant, George Payne respectfully requests this Court to enter an Order granting this Motion in Limine and respectfully requests the Court to enter an Order as follows:

    A)    Directing the Plaintiff through their respective counsel, and counsel individually, not to mention, refer to, interrogate concerning, voluntarily answer, or attempt to convey before the jury whether orally or through a document, at any time during these proceedings, in any manner, either directly or indirectly, the subject matters as stated above without first informing the Court and obtaining permission of the court outside the presence and hearing of the jury;

    B)    Instructing the Plaintiff, through their respective counsel, and counsel individually, not to make any reference or inference to the fact that this motion

has been filed, argued or ruled upon by this Court; and

C) Instructing Plaintiff and Plaintiff's attorney to warn and caution each and every witness appearing in their phase of this litigation to strictly comply with the Court's ruling.

RESPECTFULLY SUBMITTED, this the 1st day of April, 2010.

        **GEORGE PAYNE, JR., IN HIS OFFICIAL CAPACITY ONLY, Defendant**

        **DUKES, DUKES, KEATING & FANECA, P.A.**

        BY:   */s/Cy Faneca*
               CY FANECA

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Patrick R. Buchanan
>Steven B. Dick
>Mark Watts
>Brown Buchanan
>P.O. Box 1377
>Biloxi, MS 39533
>*Attorneys for Plaintiff*
>
>Karen J. Young
>Meadows Law Firm
>P.O. Box 1076
>Gulfport, MS 39502
>*Attorney for Harrison County*
>
>James L. Davis
>Ian A. Brendel
>Jim Davis, P.A.
>P.O. Box 1521
>Gulfport, MS 39502
>*Attorneys for Morgan Thompson*

This, the 1st day of April, 2010.

>*s/CyFaneca*_____
>CY FANECA

Cy Faneca, MSB #5128
Joe Gewin, MSB #8851
Haley N. Broom, MSB #101838
Jon S. Tiner, MSB #101733
**DUKES, DUKES, KEATING AND FANECA, P.A.**
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:**    (228) 868-1111
**Facsimile:**    (228) 863-2886