IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY BRICE MCBAY**                                                              **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO. 1:07CV1205-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI, ET AL.**                 **DEFENDANTS**

**DEFENDANT, GEORGE PAYNE'S MOTION IN LIMINE NO. 8
TO BAR PLAINTIFF'S EVIDENCE AND REFERENCES TO
ALLEGED BOOKING PHOTOGRAPHS OF OTHER INDIVIDUALS**

      COMES NOW, Defendant, Sheriff George Payne, in his official capacity, by and through his attorneys of record, Dukes, Dukes, Keating & Faneca, P.A., and moves this Honorable Court in *limine*, for an Order barring Plaintiff's evidence and references to alleged booking photographs of any other individuals. In support thereof, Defendant states as follows:

      1.     Defendant respectfully moves this Court to bar Plaintiff from offering any evidence, reference, testimony or argument referencing alleged booking photographs of other individuals, pursuant to Fed. R. Evid. 401, 402, and 403. See Al-Khidir Photo, **Exhibit "9"**, as but one example. Furthermore, to the extend that Plaintiff seeks to introduce any booking photographs taken after the incident in this case, November 6, 2005, they are not relevant to the claims before the Court and should be precluded pursuant to Fed. R. Evid. 401 and 402. Further, the prejudicial effect of this evidence outweighs its probative value and should be excluded pursuant to Fed. R. Evid. 403.

      WHEREFORE PREMISES CONSIDERED Defendant, George Payne respectfully requests this Court to enter an Order granting this Motion in Limine and respectfully requests the Court to enter an Order as follows:

      A)     Directing the Plaintiff through their respective counsel, and counsel individually, not

      to mention, refer to, interrogate concerning, voluntarily answer, or attempt to convey before the jury whether orally or through a document, at any time during these proceedings, in any manner, either directly or indirectly, the subject matters as stated above without first informing the Court and obtaining permission of the court outside the presence and hearing of the jury;

B)    Instructing the Plaintiff, through their respective counsel, and counsel individually, not to make any reference or inference to the fact that this motion has been filed, argued or ruled upon by this Court; and

C)    Instructing Plaintiff and Plaintiff's attorney to warn and caution each and every witness appearing in their phase of this litigation to strictly comply with the Court's ruling.

RESPECTFULLY SUBMITTED, this the 1st day of April, 2009.

**GEORGE PAYNE, JR., IN HIS OFFICIAL CAPACITY ONLY, Defendant**

**DUKES, DUKES, KEATING & FANECA, P.A.**

BY:    */s/Cy Faneca*
         CY FANECA

Cy Faneca, MSB #5128
Jon S. Tiner, MSB #101733
**DUKES, DUKES, KEATING AND FANECA, P.A.**
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:**   (228) 868-1111
**Facsimile:**   (228) 863-2886

**CERTIFICATE OF SERVICE**

      I, CY FANECA, do hereby certify that I have this day electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

      Patrick R. Buchanan
      Steven B. Dick
      Mark Watts
      Brown Buchanan
      P.O. Box 1377
      Biloxi, MS 39533
      *Attorneys for Plaintiff*

      Karen J. Young
      Meadows Law Firm
      P.O. Box 1076
      Gulfport, MS 39502
      *Attorney for Harrison County*

      James L. Davis
      Ian A. Brendel
      Jim Davis, P.A.
      P.O. Box 1521
      Gulfport, MS 39502
      *Attorneys for Morgan Thompson*

This, the 1st day of April, 2010.

                                          *s/CyFaneca*
                                          CY FANECA