IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY BRICE MCBAY**                                                                                     **PLAINTIFF**

**V.**                                  **CIVIL ACTION NO: 1:07cv1205-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI, ET AL.**                   **DEFENDANTS**

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR DEFENDANTS' ARGUMENTS,
QUESTIONS AND REFERENCES TO PLAINTIFF'S FACIAL INJURIES,
BESIDES A BLOODY NOSE, AS BEING CAUSED BY THOMAS RANDAZZO**

      The Plaintiff, Gary Brice McBay ("Plaintiff"), by and through his undersigned counsel, moves this Honorable Court *in limine*, for an Order barring Defendants' arguments, questions and references to Plaintiff's facial injuries, besides a bloody nose, as being caused by Thomas Randazzo, and would show unto the Court, the following:

      1.      This matter is an action filed by the Plaintiff against the Defendants for violations of his civil rights brought under 42 USC § 1983, 42 USC § 1985 and 42 USC § 1988. The crux of the Plaintiff's claim is that the Defendants used an unnecessary and excessive amount of force upon the Plaintiff while the Plaintiff was in the custody of the Defendants in the booking area of the Harrison County Adult Detention Center ("HCADC"). Moreover, Plaintiff claims that a custom, practice and policy existed at HCADC which was the moving force behind the civil rights violations perpetrated upon the Plaintiff.

      2.      The Plaintiff anticipates that Defendant will attempt to introduce at trial, evidence, questions or arguments regarding Plaintiff's facial injuries, besides a bloody nose, being caused by Thomas Randazzo. Plaintiff seeks to preclude any evidence, questions or references to Plaintiff's facial injuries, besides a bloody nose, being caused by Thomas Randazzo inasmuch as there is absolutely no proof that Plaintiff's facial injuries, besides a

bloody nose, was caused by Thomas Randazzo.

3. In the case at bar, the Plaintiff was arrested at Chopper's Lounge. In waiting for the police to arrive, the Plaintiff was struck with one punch by Thomas Randazzo. As to where Thomas Randazzo struck the Plaintiff, Randazzo testified:

> Q: Where did you hit him?
>
> A: I'm not positive. I know it was somewhere above the neck – or shoulder area. I mean, I may have caught him in the jaw, I may have caught him in the nose, I may have caught him in the top of the head. I don't really remember.

See Exhibit "A", p. 23, Lines 9 – 14.

4. Accordingly, Thomas Randazzo does not remember where his one punch landed on the Plaintiff. Earlier in the deposition, after reviewing the police report, Randazzo guessed that he may have caused the Plaintiff to have a bloody nose, but could not confirm that guess:

> Q: Did reading this narrative that you gave one of the investigating police officers, does that refresh your memory of any injuries that Mr. McBay was showing that night?
>
> A: I really couldn't say because I don't know if I injured him when I put him to the ground either time?
>
> Q: I'm not asking what caused it, but your report says that Mr. McBay had a bloody nose?
>
> A: Okay. Well, if he did, I mean, that's the only thing I can say is it happened when I put him on the ground. I'm not positive that I caused injuries.

    Q: We're not asking that, just if he had a bloody nose or not?

    A: I don't remember. I really can't recall.

*Id.* at p. 15, Lines 3 – 19.

  5. Thomas Randazzo has no idea where he hit the Plaintiff with his one punch, and further, Randazzo cannot remember if he actually caused any injuries to the Plaintiff, besides possibly a bloody nose which he read about in the police report.

  6. As for the police report, Defendant's counsel Mr. Gewin questioned Randazzo about "Randazzo's" narrative in the report. However, the report clearly states that the officer observed a bloody nose. See Exhibit "B". The report does not state that Randazzo said Plaintiff had a bloody nose. *Id.* While the narrative in the police report is hearsay pursuant to Rule 801, the report neither confirms or denies Randazzo's observations.

  7. Plaintiff reasonably anticipates that Defendants will assert at trial that Plaintiff's facial injuries were caused by Thomas Randazzo. However, there is absolutely no proof that Plaintiff's facial injuries, besides possibly a bloody nose, was caused by Thomas Randazzo.

  8. The evidence does demonstrate that Defendant Morgan Thompson did cause the facial injuries to the Plaintiff.

  9. First, Thompson admitted that "I gave him [McBay] a black eye." See Exhibit "C", p. 44, Line 20. Thompson admitted that he struck Plaintiff multiple times in the face with closed fist punches. *Id.* at p. 15, Lines 12-13; p. 54, Lines 23-25. Thompson further admitted to Regina Rhodes that Thompson drove the Plaintiff's skull into the shower grate creating an "X" on Plaintiff's head. See Exhibit "D", p. 148, Lines 4-7.

  10. Second, the use of force report and nurse's notes show the injuries sustained by the Plaintiff. The Use of Force report described "facial swelling and nose bleed as injuries

sustained at Thompson's hands. See Exhibit "E". The report also stated that Plaintiff suffered a cut on the head, and swollen and bruised left eye. *Id.* The narrative of the report described that Thompson called medical after Thompson struck Plaintiff because Plaintiff had "bleeding from the nose and facial swelling." *Id.* The nurse's notes describe the same injuries following the altercation. *Id.*

11. Defendant has asserted in summary judgment pleadings that Plaintiff's injuries were suffered before entering the jail and the black eye could have developed the next morning; however, the actual evidence directly contradicts this position.

12. Defendants will attempt to assert and argue that Plaintiff was injured by Thomas Randazzo, not the correctional officers at the HCADC. However, there is absolutely nothing to support such an assertion.

13. Evidence, questions, arguments, or references related to Plaintiff's injuries, besides a bloody nose, being caused by Thomas Randazzo should be precluded pursuant to Fed. R. Evid. 403 which provides that although evidence may be considered relevant, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. There is no probative value in presenting such evidence and/or arguments, and even if so, then the probative value, if any, is substantially outweighed by the danger of unfair prejudice.

14. The Defendant has admitted to causing the Plaintiff facial injuries. With respect to Plaintiff's facial injuries, the issue is not who caused the injuries – clearly Defendant has admitted to causing the facial injuries. The issue is whether Defendant's actions were excessive and unjustified. Defendants' anticipated attempts to "muddy the water" and argue that Randazzo

actually caused the Plaintiff's facial injuries would confuse the issue, mislead the jury, and be unfairly prejudicial and substantially outweigh any probative value. See Rule 403.

15. Plaintiff respectfully moves *in limine* to bar, restrict/redact all reference, testimony or argument or evidence regarding Plaintiff's facial injuries, besides a bloody nose, as being caused by Thomas Randazzo.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully moves this Court for an Order granting this Motion *in Limine* and respectfully requests the Court to enter an Order prohibiting the Defendants from introducing or referencing testimony or presenting arguments or evidence regarding Plaintiff's facial injuries, besides a bloody nose, as being caused by Thomas Randazzo, and any other relief the Court deems necessary. Due to the nature of this Motion, Plaintiff requests relief from having to file a separate Memorandum in support thereof.

>Respectfully Submitted
>
>GARY BRICE MCBAY, Plaintiff
>
>BY:   BROWN BUCHANAN, P.A.
>
>BY:   /s/Patrick R. Buchanan_____
>         PATRICK R. BUCHANAN

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day electronically filed a true and correct copy of the foregoing pleading with the Clerk of Court using the ECF system which sent notification to such filing to the following counsel of record:

Mr. Tim Holleman
Boyce Holleman & Associates
1720 23rd Ave.
Gulfport, MS 39501

Joe Crawford Gewin
Haley Necaise Broom
Dukes, Dukes, Keating & Faneca
Post Office Drawer W
Gulfport, MS  39502-0680

James L. Davis III
Ian A. Brendel
Post Office Box 1839
Gulfport, MS  39502-1839

This, the 1st day of April, 2010.

                                              /s/Patrick R. Buchanan
                                              PATRICK R. BUCHANAN

PATRICK R. BUCHANAN (MSB #8439)
MARK V. WATTS (MSB #102204)
BROWN BUCHANAN, P.A.
796 VIEUX MARCHE, SUITE 1
POST OFFICE BOX 1377
BILOXI, MS  39533-1377
TELEPHONE: (228) 374-2999
FACSIMILE:   (228) 435-7090
E-MAIL: mailb@brownbuchanan.com