IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY BRICE MCBAY**                                                                       **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 1:07CV1205-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI, ET AL.**                                    **DEFENDANTS**

**DEFENDANT, GEORGE PAYNE'S MOTION IN LIMINE NO. 13
TO BAR EVIDENCE, TESTIMONY AND REFERENCE TO
VARIOUS SUBSEQUENT REMEDIAL MEASURES**

COMES NOW, Defendant, Sheriff George Payne, in his official capacity, by and through his attorneys of record, Dukes, Dukes, Keating & Faneca, P.A., and moves this Honorable Court *in limine*, for an order barring evidence, testimony and reference to various subsequent remedial measures. In support thereof, Defendant states as follows:

1.      Defendant respectfully moves this Court to bar Plaintiff from offering any evidence, testimony and reference to various subsequent remedial measures performed by the administration and/or employees at the HCADC; including but not limited to this Defendant's request and corresponding report (See **Exhibit "13"**) to the National Institute of Corrections in the later part of 2006, and testimony from current/former wardens, sheriffs, correctional officers, etc.*,* pursuant to Fed. R. Evid. 401 and 402, being irrelevant to the claims before the Court. The effect of this evidence is prejudicial and outweighs its probative value and should be excluded pursuant to Fed. R. Evid. 403. Lastly, evidence, testimony and references to various subsequent remedial measures is inadmissible pursuant to Fed. R. Evid. 407.

WHEREFORE, PREMISES CONSIDERED Defendant, George Payne respectfully requests this Court to enter an Order granting this Motion in Limine and respectfully requests the

Court to enter an Order as follows:

A) Directing the Plaintiff through their respective counsel, and counsel individually, not to mention, refer to, interrogate concerning, voluntarily answer, or attempt to convey before the jury whether orally or through a document, at any time during these proceedings, in any manner, either directly or indirectly, the subject matters as stated above without first informing the Court and obtaining permission of the court outside the presence and hearing of the jury;

B) Instructing the Plaintiff, through their respective counsel, and counsel individually, not to make any reference or inference to the fact that this motion has been filed, argued or ruled upon by this Court; and

C) Instructing Plaintiff and Plaintiff's attorney to warn and caution each and every witness appearing in their phase of this litigation to strictly comply with the Court's ruling.

RESPECTFULLY SUBMITTED, this the 1st day of April, 2010.

**GEORGE PAYNE, JR., IN HIS OFFICIAL CAPACITY ONLY AND HARRISON COUNTY SHERIFF'S DEPARTMENT, Defendant**

**DUKES, DUKES, KEATING & FANECA, P.A.**

BY:   */s/Cy Faneca*
       CY FANECA

Cy Faneca, MSB #5128
Jon S. Tiner, MSB #101733
**DUKES, DUKES, KEATING AND FANECA, P.A.**
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:**   (228) 868-1111
**Facsimile:**   (228) 863-2886

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Patrick R. Buchanan
>Steven B. Dick
>Mark Watts
>Brown Buchanan
>P.O. Box 1377
>Biloxi, MS 39533
>*Attorneys for Plaintiff*
>
>Karen J. Young
>Meadows Law Firm
>P.O. Box 1076
>Gulfport, MS 39502
>*Attorney for Harrison County*
>
>James L. Davis
>Ian A. Brendel
>Jim Davis, P.A.
>P.O. Box 1521
>Gulfport, MS 39502
>*Attorneys for Morgan Thompson*

This, the 1st day of April, 2010.

>*s/CyFaneca*_____
>CY FANECA