**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**GARY BRICE MCBAY**                                                                          **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 1:07CV1205-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI BY AND**
**THROUGH ITS BOARD OF SUPERVISORS;**
**HARRISON COUNTY SHERIFF GEORGE PAYNE;**
**WAYNE PAYNE; DIANE GATSON RILEY;**
**STEVE CAMPBELL; RICK GATSON; RYAN TEEL;**
**MORGAN THOMPSON; JOHN DOES 1-4;**
**AMERICAN CORRECTIONAL ASSOCIATION;**
**JAMES A GONDLES, JR.; UNKNOWN DEFENDANTS**
**1-3 EMPLOYEES OF AMERICAN CORRECTIONAL**
**ASSOCIATION; HEALTH ASSURANCE LLC AND**
**UNKNOWN DEFENDANTS 1-2 EMPLOYEES OF**
**AMERICAN CORRECTIONAL ASSOCIATION**                                      **DEFENDANTS**

**RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO BAR DEFENDANT'S**
**EVIDENCE AND  REFERENCE TO PLAINTIFF'S HOSPITALIZATION FOR**
**ALCOHOL RELATED ISSUES**

COMES NOW Defendant, Sheriff George Payne, Jr. ("Payne"), in his official capacity, by

and through his attorneys, Dukes, Dukes, Keating & Faneca, P.A., and files this Response to

Plaintiff's Motion in Limine to Bar Defendant's Evidence and Reference to Plaintiff's

Hospitalization for Alcohol Related Issues [DN365] and in support of said Response would show

unto this Court as follows, to wit:

I.

The Plaintiff's assertion that any evidence or reference to Plaintiff's hospitalizations and

treatment and/or incidents for alcohol related issues should be barred, as they are not relevant and

that these alcohol related issues "have nothing to do with the issues *sub judice*" focuses solely on the

liability issue and ignores their relevance and probative value regarding the Plaintiff's future lost wages damages claim, and damages sought for the alleged emotional and physical injuries as follows:

a).    Plaintiff claims (as reported to his vocational expert Ross Tingle), that as a result of this November 6, 2005, incident, he consumes more alcohol than before this incident; and, (See Ross Tingle's Report attached hereto as **Exhibit "A"**).

b).    Plaintiff claims that he will suffer approximately $1,500,000.00 in future loss wages because, as a result of the November 6, 2005, incident, he will never be able to work again as an **independent** catastrophic event property damage adjuster. (See Culbertson's Report attached hereto as **Exhibit "B"**).

II.

It is the Defendant's position that Plaintiff, before this November 6, 2005, incident, could not **independently** work as a catastrophic property damage adjuster and that these pre-incident alcohol hospitalization/treatment/incidents provide relevant and probative evidence as to the Plaintiff's pre-incident inability to travel to, temporarily reside at storm locations and then independently perform property damage adjusting.

For example:

1.)    Plaintiff's deposition T.105, L. 22-24 (See Depo. **Exhibit "C"**)

Q.    You drank a lot for a long time, way before this happened, didn't you?

A.    No.

2.)    Plaintiff's deposition T. 111, L. 22- T. 112, L. 1 (See **Exhibit "C"**)

Q.    What period of time were you drinking to much?

2

A.    Afterwards.

Q.    But not before?

A.    No.

3.)    On December 23, 2003, Plaintiff was riding a train en route to Washington state to join his father to assist in performing winter storm property damaging adjusting, when Plaintiff got off the train in San Antonio, TX.  That evening, Plaintiff was found unconscious in the street in front of a bar near the train station. The hospital records indicate that the Plaintiff was unconscious, had lacerations to his right jaw/mouth, and had a .507 blood alcohol content.  Plaintiff recovered, returned home and did not proceed to Washington to work with his father. (See Plaintiff's depo. and Christus Santa Rosa Hospital records collectively attached hereto as **Exhibit "D"**)

4.)    On June 5, 2005 ( four months prior to this November 6, 2005, incident) Plaintiff was self admitted to the Cedars Hospital in his home town of Desoto, TX for alcohol addiction treatment.  (See Cedars Hospital records attached hereto as **Exhibit "E"**).  Plaintiff checked out of Cedars Hospital on June 7, 2005.  The psychiatric evaluation notes from Cedars Hospital, contains the following:

a).     "employed in insurance, traveling, 5 yrs., impaired functioning at work- "doesn't complete responsibilities, consumes case of beer/day (12 oz. cans)..."

b).    "doesn't know how to communicate in life in general".

CURRENT STRESSORS: job, social skills

c).    Discharge summary:

Initial diagnosis:

3

Current GAF[1] is 35, highest past year is 50.

Discharge diagnosis:

Current GAF is 45, highest past year is 50.

(See Global Assessment Functioning Scale attached hereto as **Exhibit "F"**).

In the Southern District of Mississippi case of Darrell M. Knox v. Jose Ferrer, M.D., et al., 2008 U.S. Dist. LEXIS 102179 (S.D. Miss., Sept. 2008), the Court upheld the Plaintiff's In Limine Motion to exclude evidence of Plaintiff's alcohol use prior to the motor vehicle accident at issue, finding that the Defendants failed to produce evidence that Plaintiff's consumption of alcohol was relevant to any issue in the case.

However, the Knox Court did cite with approval, the case of Haney v. Mizell Memorial Hospital, 744 F.2d 1467, 1475 (11th Cir. 1984). In Haney, the Court upheld the Trial Court's allowing Plaintiff's previous history of alcohol and drug use into evidence, explaining at page 1475; "Moreover, the district court found that the challenged testimony was admissible, and perforce, relevant, to rebut testimony offered by Haney pertaining to his lifestyle and quality of life before the accident...We will not disturb that finding". Further, at page 1476, "As we have seen, Haney explicitly prayed for damages to compensate him for mental anguish, rehabilitation care, and loss of future earnings. Obviously, his discussion with Dr. Gilgun about his alcohol and drug use was not only relevant to these claims, but was inextricably bound to them".

---

[1] GAF - Global assessment of functioning- scale used to assess psychological status, ranging from 1 (lowest level of functioning) to 100 (highest level), measuring psychological and occupational functioning. (Mosby's Medical Dictionary 8th edition, 2009).

III.

_____Defendant agrees that these pre November 6, 2005, records are not relevant to the Plaintiff's claim that he suffered a constitutional violation at the hands of a HCADC Deputy November 6, 2005, and that these records and references should not be used for that purpose.  However, these records are relevant and probative to rebut Plaintiff's claim that he could, before the November 6, 2005, incident, work **independently** as a catastrophic property damage adjuster and that the incident at the HCADC caused him emotional damages, future loss of wages, and caused him to consume more alcohol after this incident.

WHEREFORE PREMISES CONSIDERED, Defendant respectfully requests that the Court deny Plaintiff's Motion in Limine [DN365] to bar Defendant's evidence or references to Plaintiff's pre November 6, 2005, hospitalizations for alcohol related issues, and any other relief this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 9th day of April, 2010.

**GEORGE PAYNE, JR., IN HIS OFFICIAL CAPACITY ONLY, Defendant**

**DUKES, DUKES, KEATING & FANECA, P.A.**

BY:      /s/Cy Faneca

CY FANECA

_____

## <u>CERTIFICATE OF SERVICE</u>

I, CY FANECA, do hereby certify that I have this day electronically filed with the Clerk of

the Court using the ECF system which sent notification of such filing to the following:

> Patrick R. Buchanan
> Steven B. Dick
> Mark Watts
> P.O. Box 1377
> Biloxi, MS 39533
> *Attorneys for Plaintiff*
>
> Karen J. Young
> P.O. Box 1076
> Gulfport, MS 39502
> *Attorney for Harrison County*
>
> James L. Davis
> Ian A. Brendel
> P.O. Box 1521
> Gulfport, MS 39502
> *Attorneys for Morgan Thompson*

This, the 9th day of April, 2010.

> <u>s/CyFaneca</u>
> CY FANECA

Cy Faneca, MSB #5128
Haley N. Broom, MSB #101838
Joe C. Gewin, MSB #8851
**DUKES, DUKES, KEATING AND FANECA, P.A.**
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:**     (228) 868-1111
**Facsimile:**     (228) 863-2886