IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY BRICE MCBAY**                                                                          **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 1:07CV1205-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI ET AL**                                            **DEFENDANTS**

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION *IN LIMINE* TO BAR DEFENDANT'S EVIDENCE AND REFERENCES
TO ONE OF THE PLAINTIFF'S ATTORNEYS REFERRING THE PLAINTIFF
TO A DOCTOR AND/OR HOSPITAL OR ANY OTHER ISSUES**

COMES NOW, Defendant, George Payne, Jr., in his Official capacity, by and through his attorneys of record, Dukes, Dukes, Keating & Faneca, P.A., and files this his Response in Opposition to Plaintiff's Motion *in Limine* ("Motion") to Bar Defendant's Evidence and References to One of the Plaintiff's Attorneys Referring the Plaintiff to a Doctor and/or Hospital or any Other Issues, and would respectfully show unto the Count as follows:

I.

Plaintiff filed a Motion in Limine seeking to prevent Defendant from introducing evidence, questions or references to the fact Plaintiff's attorneys referred Plaintiff to doctors and/or hospitals.  Plaintiff alleges that the basis for such Motion is because it is irrelevant to the issues in the case at bar, and any probative value that such evidence may have is substantially outweighed by the danger of unfair prejudice pursuant to Fed. R. Evid. 403.

II.

**November 6, 2005 Arrest and Booking**

Plaintiff claims damages as a result of his booking and incarceration at the Harrison County Adult Detention Center on the night of November 6, 2005.

**November 7, 2005 Memorial Hospital at Gulfport Emergency Room Visit**

The first medical examination that Plaintiff had was at the emergency room at Memorial Hospital at Gulfport, on November 7, 2005. At the hospital, Plaintiff was evaluated and a CT-Scan was conducted. Plaintiff was diagnosed with having a nasal fracture. The records reveal that Plaintiff's mental state was alert, oriented times three, that his speech was coherent, respiration was regular and that his pupils were PERL (equal and responsive to light). This record is absent of any diagnosis of or even mention of a concussion. See **Exhibit "A"**.

**June 2007 Referral by attorney to Gulfport Doctor for One "evaluation"**

Nineteen (19) months later, in June of 2007, Plaintiff was referred by his attorney, Jim Halliday, to a local doctor in Mississippi, Diane Ross, M.D., despite the fact Plaintiff was residing in the state of Texas at that time. See Plaintiff's Depo. T. 94 L. 1 to P. 96 L. 22 attached hereto as **Exhibit "B"**. Plaintiff was evaluated by Dr. Ross on only one occasion wherein she relied on the emergency room notes and the history given by the Plaintiff as evidenced by her notes attached hereto. See **Exhibit "C"**. Dr. Ross diagnosed the Plaintiff as having a concussion and post-concussion syndrome, with headaches, memory loss, anxiety, sinus and nasal abnormalities. Plaintiff testified that he doesn't

know why it took so long to see a doctor after the incident, but stated that he was in town and his attorney referred hin to Dr. Ross.  See T. 95, attached as **Exhibit "B"**.

### August 14, 2007 Visit to Gulfport Ear, Nose & Throat Doctor

Plaintiff was presented to an Ear, Nose and Throat specialist in Gulfport on August 14, 2007, despite the fact Plaintiff was residing in the state of Texas at the time. See Depo. T. 99 L. 12 to 100 L. 21, attached as **Exhibit "B"**. The doctor's impressions showed old nasal and septal fractures.  See **Exhibit "D"**.

### December 3, 2007 Referral by Attorney to Neuro-pshchologist for "evaluation"

On December 3, 2007, Plaintiff's attorneys presented McBay to Dr. Martin, a neuro-psychologist for an "evaluation",  for which Plaintiff's attorney directly paid Dr. Martin the amount of $1650.00. See correspondence attached hereto as **Exhibit "E"**. This is a delay of over twenty-six (26) months of McBay seeking medical "treatment" for his alleged ongoing mental problems as a result of the incident at the HCADC.  As stated in the records, the reason for referral was, "Brice McBay was referred in order to clarify his current cognitive and emotional status."  Plaintiff was diagnosed as having concussion, organic personality syndrome, post-concussive syndrome, post-traumatic stress disorder, major depression, single episode, moderate.   Plaintiff was seen by Dr. Martin for only six (6) sessions thereafter.  As evidenced by correspondence from Foxworth Law Office, the sessions were prepaid in July of 2008 by Foxworth Law Office.  See id.

III.

When taking into consideration that Plaintiff alleges he suffers severe emotional and mental damages as a result of this incident, to the point that he had to cease

"independently" working, and claims approximately $1.5 million in lost future wages, the fact that Plaintiff failed to seek treatment for over a year and a half after this event, and then only did so when his attorney referred him, is highly relevant and is germane toward eliciting pertinent information on the issue of credibility. Additionally, evidence of Plaintiff's attorney's referral is not only relevant to Plaintiff's credibility regarding his alleged damages, but also to his expert's impartiality, credibility and interest in the results. As stated in McNemar v. New York Chicago and St. Louis Railroad Company, et al, 20 F.R.D. 598 (W.D. Penn. 1957):

> Certainly whether or not plaintiff was referred to the medical witness by his counsel, whether he selected the medical witness by his own efforts, or whether an attending physician referred plaintiff to the medical witness, the number of examinations he conducted, whether or not he knew that litigation was pending at the time the examinations were made, whether or not said examinations were made with the view of medical treatment or solely for the purpose of testifying as a medical witness -- are pertinent questions which are relevant and germane toward eliciting pertinent information on the issue of credibility.
>
> Nor is it to be disputed that the court in its discretion may allow counsel to cross-examine an expert witness as to the amount he has received, is to receive, or expects to receive for treatment, examination or testifying, for such information has a possible bearing upon the witness's impartiality, credibility and interest in the result.

Additionally, not only is the attorney's referral to Dr. Ross and Dr. Martin relevant, but also the payment to the experts is highly relevant to the credibility and basis of the witnesses. See Collins v. Wayne Corp. 621 F.2d 777 (5th Cir. 1980). In Collins, the Court found that:

> No one questions that cross-examination to show the bias of a witness or his interest in a case is entirely proper. Impeachment of witnesses through a showing of bias or interest aids the jury in its difficult task of determining facts when it is faced with contradictory assertions by witnesses on both sides of the case. See generally McCormick on Evidence §33 (1972). A pecuniary

interest in the outcome of a case may, of course, bias a witness. Id. A showing of a pattern of compensation in past cases raised an inference of the possibility that the witness has slanted his testimony in those cases so he would be hired to testify in future cases. Collins v. Wayne Corp. 621 F.2d 777, at 785.

As such, the Defendant hereby requests that Plaintiff's Motion to preclude Defendant introducing evidence or questions regarding the fact Plaintiff's attorney referred Plaintiff to doctors and/or hospitals be denied as it is evident that Defendant is allowed to impeach any witness through a showing of bias or interest. Plaintiff's attorney referring Plaintiff to a doctor and/or hospital is clearly relevent to this case.

IV.

As it relates to Plaintiff's claim that evidence, questions or references related to the fact that Plaintiff's attorney referred the Plaintiff to a doctor and/or hospital should be precluded pursuant to Fed. R. Evid. 403, such allegation is without merit and also should be denied. A trial court has wide discretion under Fed. R. Evid. 403 to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Farace v. Independent Fire Insurance Co., 699 F. 2d 204 (5th Cir. 1993).

It is understandable that Plaintiff does not want these facts, line of questions, and testimony into evidence as it will in fact be prejudicial to the Plaintiff's case; however that simply is not a sufficient reason to exclude such evidence. The asserted prejudice must be more than the fact that the evidence is adverse to the opposing party; it must be unfair. Ramon vs. Liberty Mutual Ins. Co., 615 F.2d 334 (5th Cir. 1980). Plaintiff has made his alleged condition a primary issue in this case and has testified, and had experts opine, that his condition is so serious that he can not work as he did in the past and will lose almost

$1.5 million in future damages. Defendant is clearly entitled to rebut Plaintiff's alleged condition in its entirety, including the fact that it took over a year and half to seek treatment which was only done when prompted by an attorney. As such, Defendants hereby requests that Plaintiff's Motion to preclude Defendant introducing evidence or questions regarding the fact that Plaintiff's attorney referred Plaintiff to doctors and/or hospitals be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff's Motion which seeks to prevent Defendant from putting forth evidence, references, and questions regarding the fact that the Plaintiff's attorneys referred the Plaintiff to a doctor and/or hospital and prepaid the doctor's fees be denied. Defendant seeks any other relief the Court deems necessary.

RESPECTFULLY SUBMITTED, this the 9th day of April, 2010.

**GEORGE PAYNE, JR., Defendant**
**BY:   DUKES, DUKES, KEATING & FANECA, P.A.**
BY:   */s/ Cy Faneca*
Cy Faneca, MSB #5128

Cy Faneca, MSB #5128
Joe Gewin MSB #8851
Haley Broom MSB #101838
**DUKES, DUKES, KEATING AND FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, MS   39502
Telephone:  228/868-1111
Facsimile:   228/863-2886

**CERTIFICATE OF SERVICE**

I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Patrick R. Buchanan
>Steven B. Dick
>Mark Watts
>Brown Buchanan
>P.O. Box 1377
>Biloxi, MS 39533
>>*Attorneys for Plaintiff*
>
>Tim Holleman
>Boyce Holleman & Associates
>1720   23rd Avenue
>Gulfport, MS 39501
>>*Attorney for Harrison County*
>
>Karen J. Young
>Meadows Law Firm
>P.O. Box 1076
>Gulfport, MS 39502
>>*Attorney for Harrison County*
>
>James L. Davis
>Ian A. Brendel
>Jim Davis, P.A.
>P.O. Box 1521
>Gulfport, MS 39502
>>*Attorneys for Morgan Thompson*

This, the 8th day of April, 2010.

>>*s/Cy Faneca*
>>CY FANECA