# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **GARY BRICE MCBAY** | § | **PLAINTIFF** |
| | § | |
| **VERSUS** | § | **CAUSE NO. 1:07cv1205-LG-RHW** |
| | § | |
| **HARRISON COUNTY, MISSISSIPPI, BY AND THROUGH ITS BOARD OF SUPERVISORS; HARRISON COUNTY SHERIFF GEORGE PAYNE, IN HIS OFFICIAL CAPACITY; and CORRECTIONS OFFICER MORGAN THOMPSON, ACTING UNDER COLOR OF STATE LAW** | §§§§§§§§§ | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THOMPSON'S MOTIONS FOR SUMMARY JUDGMENT, GRANTING MOTION TO DISMISS, AND DENYING AS MOOT THOMPSON'S SECOND MOTION TO STRIKE

BEFORE THE COURT are Defendant Morgan Thompson's Motion for Summary Judgment, Qualified Immunity, and Failure to State a Claim Upon Which Relief can be Granted [280, 288], Supplemental Motion for Summary Judgment [296], and second Motion to Strike [330]. Plaintiff Gary Brice McBay brought this action for the alleged abuse he received from Thompson while in the custody of the Harrison County Adult Detention Center ("HCADC"). Thompson argues (1) he is entitled to qualified immunity on the excessive force claim, (2) He did not deny McBay medical attention, (4) McBay fails to state a claim under Sections 1985 and 1986, and (5) McBay has no evidence of a conspiracy. Thompson further argues that McBay's Exhibits B, L-N, and Q-R are inadmissible on the conspiracy claims. The Court has considered the parties' submissions and the relevant legal authority. Summary judgment is granted as to the claims for denial of medical care and Section 1983 conspiracy to cover up. The Section 1985

and 1986 claims are dismissed without prejudice. The remainder of the motions are denied.

## FACTS AND PROCEDURAL HISTORY

On the evening of November 6, 2005, McBay was leaving a bar in Gulfport, Mississippi. The bar's unofficial bouncer, Thomas Randazzo tried to convince McBay to either sleep in his truck or call a taxi. An altercation ensued between the two. Randazzo pinned McBay down on the ground while Randazzo's girlfriend called the police. McBay was arrested on suspicion of public drunk and taken to HCADC.

Many of the events surrounding McBay's booking are disputed. While McBay was being booked at the HCADC, he alleges that for no reason, Thompson knocked his legs out from under him across from the booking desk and pushed him to the ground just outside the shower room. It is undisputed that Thompson escorted McBay to the shower room to change into the inmate uniform. It is undisputed that, while in the shower, Thompson punched McBay in the face several times. Additional events in the shower are disputed, such as what other force was used and why.

McBay subsequently filed this lawsuit. He brings claims against Thompson under Sections 1983, 1985, and 1988 for excessive force, failure to provide medical care, covering up the alleged abuse, and conspiracies to use excessive force and to cover up the alleged abuse.

## DISCUSSION

<u>MOTIONS FOR SUMMARY JUDGMENT</u>

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." FED. R. CIV. P. 56. To make this determination, the Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Thompson seeks summary judgment on the Sections 1983 and 1985 claims.

## I. SECTION 1983

McBay brings excessive force, denial of medical care, and conspiracy claims under Section 1983.

### A. EXCESSIVE FORCE

First, Thompson argues he is entitled to qualified immunity on the excessive force claim, because it was not clear to him whether he violated a constitutional right and he acted objectively reasonably in defending himself.

In order to invoke the defense of qualified immunity, the "defendant official must initially plead his good faith and establish that he was acting within the scope of his discretionary authority. Once the defendant has done so, the burden shifts to the plaintiff to rebut this defense." *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992). To meet defendant's initial

burden, he must "demonstrate that he acted with a good faith belief that his actions were within his lawful authority, and that reasonable grounds existed for this belief based upon objective circumstances at the time he acted." *Douthit v. Jones*, 619 F.2d 527, 534 (5th Cir. 1980).

A defendant is then entitled to qualified immunity, unless (1) the plaintiff alleges that the defendant violated a constitutional right, and (2) the plaintiff proves that the defendant's conduct was objectively unreasonable. *Salas*, 980 F.2d at 305-06. Stated differently, qualified immunity does not apply when "the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right [and] the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

A defendant's conduct will be considered objectively unreasonable, if a reasonable official would understand that his conduct violates that constitutional right. *Salas*, 980 F.2d at 310. If reasonable officers could disagree over the lawfulness of his conduct, then the defendant is entitled to qualified immunity. *Id.* The officer's conduct is viewed in light of the clearly established law at that time. *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998).

The Due Process Clause, applicable to the States via the Fourteenth Amendment, protects a pretrial detainee from excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.11 (1989). The standard for analyzing an excessive force claim under the Fourteenth Amendment is the same as the Eighth Amendment standard. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). This right is violated if there is (1) more than a de minimis injury, (2) which resulted directly and only from the use of force that was excessive to the need, and (3) the force was objectively unreasonable. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th

Cir. 2001). To determine whether the force was excessive, the inquiry is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993). "Often, of course, there will be no evidence of the detention facility official's subjective intent, and the trier of fact must base its determination on objective factors suggestive of intent." *Id.* Some of these factors would be (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of the forceful response. *Id.* at 1447 n.29.

McBay responds, and there is evidence, that part of the force Thompson exerted on McBay occurred across from the booking desk minutes prior to them entering the shower room. Specifically, he refers to his legs being knocked out from under him, while he is handcuffed, across the hall from the booking desk, minutes prior to being escorted to the shower. Thompson does not argue he is entitled to qualified immunity for that alleged force exerted on McBay, not even in response to McBay's brief. Thompson only argues that the punches he exerted, "in the shower," were objectively reasonable because McBay was "the aggressor in the incident . . . in the shower." (Thompson's Mem. Summ. J. at 12, 14). Thompson does not attempt to rebut whether or not he knocked McBay's legs out from under him, or whether, if Thompson did, he is entitled to qualified immunity. In fact, he testified that there was no reason for the use of any force until after he and McBay entered the shower room. Because Thompson does not address this evidence, he has not shown he is entitled to summary judgment on the excessive force claim.

### B. Denial of medical care

Next, Thompson argues there is no evidence that he denied McBay medical attention. McBay does not address this issue.

The Court has reviewed the record and finds no evidence that Thompson denied McBay medical attention or caused him to be without medical attention. Thompson is entitled to summary dismissal of the denial of medical care claim.

### C. Conspiracy

McBay asserts Section 1983 conspiracy claims against Thompson for the alleged conspiracies to use excessive force and to cover it up.

Thompson challenges the first conspiracy claim, arguing there was no agreement to assault McBay and he did not suffer a deprivation of a constitutional right as a result. He responds that he has evidence of such a conspiracy and excessive force. "A conspiracy may be charged under section 1983 as the legal mechanism through which to impose liability on all of the defendants without regard to who committed the particular act." *Hale v. Townley*, 45 F.3d 914, 920 ( 5th Cir. 1995). In other words, Thompson may be held liable for excessive force either directly, as the tortfeasor who inflicted the alleged force, or as a co-conspirator, regardless of who inflicted the excessive force. Because the direct excessive force claim survives summary judgment, it is not necessary for the Court to consider whether he alternatively has co-conspirator liability at this time.

Thompson argues the second conspiracy claim must fail because McBay is presently bringing a civil action for the alleged excessive force. McBay responds that there is a genuine issue of material fact as to whether the conspiracy to cover-up existed and whether there was a

cover up of the alleged violations.

This particular conspiracy claim alleges a conspiracy to deny McBay's access to courts. To pursue this claim, he must prove that the conspiracy "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). It is not clear if he is pleading a "forward-looking" or "backward-looking" access claim. A forward looking access claim is a case where the "litigating opportunity yet to be gained" is being blocked by the defendants. *Christopher v. Harbury*, 536 U.S. 403, 414 (2002). "The object . . . is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* at 413. McBay cannot prove a forward-looking denial of access, because he has in fact filed the excessive force claim.

A backward-looking claim is about "an opportunity already lost." *Id.* at 414-15. It looks "backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id.* at 414. For a "backward-looking access claim," he must prove (1) an underlying cause of action, (2) the litigation of which was frustrated by official acts, (3) which resulted in a lost remedy. *Id.* at 415-16. As for the third element, McBay:

> must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

*Id.* at 415. For example, the official deception "may allegedly have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief." *Id.* at 414.

On the record as it presently stands, the Court finds no evidence that McBay has lost a remedy for his excessive force claim. There has yet been no loss nor "inadequate settlement." The Court is provided with no evidence of a lost opportunity to sue Thompson or others, or the lost opportunity to seek some particular relief. Therefore, Thompson is entitled to dismissal of the Section 1983 conspiracy to cover up abuse.

II. SECTION 1985

Thompson seeks summary judgment on the Section 1985 claims in the event his 12(b)(6) motion to dismiss these claims is denied. As set forth below, the Court finds that the First Amended Complaint fails to sufficiently state a Section 1985 claim. Therefore, this part of the summary judgment motion is moot.

MOTION TO DISMISS

To survive a Rule 12(b)(6) motion to dismiss, McBay must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

I.      S<small>ECTION</small> 1985 C<small>ONSPIRACIES</small>

McBay also alleges conspiracy claims under Section 1985. Thompson argues that the First Amended Complaint fails to state a Section 1985 conspiracy claim because it does "not describe the type of conspiracies proscribed by [this] statute." (Thompson's Mem. Summ. J. at 16). McBay responds that there is a genuine dispute of fact as to the conspiracies.

Section 1985 provides a cause of action for several types of conspiracies, under subsections one through three. 42 U.S.C. § 1985. McBay does not expressly cite to the portion or portions of Section 1985 on which he relies. Thompson first argues that the First Amended Complaint fails to state a Section 1985(1) claim, because it does not allege he conspired to interfere with a federal official's performance of his duties. Subsection one provides:

> If two or more persons in any State . . . conspire to prevent, *by force, intimidation, or threat*, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; *or to induce by like means* any officer of the United States to leave any State, district or place, where his duties as an officer are required to be performed, *or to injure him in his person or property* on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties
> . . .
> the party so injured . . . may have an action for the recovery of damages, occasioned by such injury . . . against any one or more of the conspirators.

42 U.S.C. § 1985(1), (3) (emphasis added).

The First Amended Complaint alleges, that Thompson conspired to conceal the abuse of McBay:

> That after a complaint was made concerning these gross abuses and injuries . . . McBay suffered, high ranking officials of the Harrison County Sheriff's Department, with final making authority, assisted by . . . Thompson, engaged in acts to falsely deny and/or cover-up what had occurred and further threatened the

injured Plaintiff with retaliatory actions.

(1st Am. Compl. at 2 (¶4)). Specifically, it is alleged that certain conspirators threatened McBay with false felony charges if he continued in his claim. Thompson is claimed to have "prepared a false report of the incident and circumstances surrounding the beating." *Id.* at 12 (¶34). There is no allegation, however, that this included a conspiracy to use force, intimidation, or threat of a federal official, or to injure a federal officer's person or property. Therefore, the First Amended Complaint does not state a claim under subsection one.

Subsection two prohibits conspiracies to interfere with federal and state court proceedings. 42 U.S.C. § 1985(2). It specifically prohibits conspiracies between:

> two or more persons in any State . . . to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . .; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State . . . with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. § 1985(2). The First Amended Complaint does not allege that McBay was a party or witness in a federal court proceeding. There is no allegation that he was injured for having testified or attended a federal court proceeding. As for the state court proceeding portion of this statute, it requires a showing of racial or other class-based animus. *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 979 (5th Cir. 1986). For the reasons discussed below, McBay does not allege any racial or class-based animus behind the conspiracy. Further, he does not allege that he was injured while trying to protect the equal rights of others. Therefore the First Amended Complaint

does not state a claim under subsection two.

Finally, subsection three prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws," or to prevent another from voting or advocating in a federal election. 42 U.S.C. § 1985(3). Again, a conspiracy to deprive another of the equal protection of the laws, requires a showing that "some racial, or class-based discriminatory animus lay behind the conspiracy." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001). "It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' . . . its adverse effects upon an identifiable group." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 271-72 (1993). Some Fifth Circuit cases only accept racial claims under this provision. *Horaist*, 255 F.3d at 271 n.12; *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000); *Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n.2 (5th Cir. 1998); *Deubert v. Gulf Fed. Savs. Bank*, 820 F.2d 754, 757 (5th Cir. 1987). *Deubert* held, "*it is well-established* in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Id.* (emphasis added). However, *Deubert* did not address its contemporary cases which held otherwise. For example, one such case held, "*It is well-settled* law that discriminatory animus behind an alleged violation of section 1985(3) must be racially based or in some other way class-based." *Galloway v. Louisiana*, 817 F.2d 1154, 1159 (5th Cir. 1987) (emphasis added). These other Fifth Circuit cases require a class that is based on an "inherited or immutable characteristic," political belief, or association. *Sullivan v. County of Hunt*, 106 Fed. Appx. 215, 220 (5th Cir. 2004); *Hamill v. Wright*, 870 F.2d 1032, 1037-38 (5th Cir. 1989); *McLean v. Internat'l Harvester Co.*, 817 F.2d 1214, 1219 (5th Cir. 1987) (scapegoat employees not

protected class, because it "does not possess discrete, insular and immutable characteristics similar to race, national origin or sex"); *Galloway*, 817 F.2d at 1159; *Kimble v. D.J. McDuffy, Inc.*, 623 F.2d 1060, 1066 (5th Cir. 1980). Of course, none of these cases found the allegations of non-racial animus at issue to be sufficient.

Under either view, the First Amended Complaint here misses the mark. The only characteristic McBay alleges he and the other alleged victims share is that they are "accused and arrested citizen[s] temporarily incarcerated as a 'pre-trial detainee[s],'" "other inmates," and "other detainees held in Booking." (1st Am. Compl. at 1,2, 35 (¶¶1, 5)). His allegations, taken as true, do not state a conspiracy motivated by race, another inherited or immutable characteristic, political belief, or association. *Accord*, *Burkett v. City of El Paso*, 513 F. Supp. 2d 800, 822 (W.D. Tex. 2007) ("those arrested by the El Paso Police Department" not sufficient to allege racial or class-based animus under Section 1985(2)).

Further there is no allegation that the conspiracy was to prevent another from voting or advocating in a federal election. Therefore the Complaint fails to state a claim under Section 1985(3). The Section 1985 claims against Thompson are dismissed without prejudice.

II. SECTION 1986

Thompson asks for dismissal of the Section 1986 claim. This statute provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [Section 1985], are about to be committed, and having power to prevent or aid in preventing the commission of same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

42 U.S.C. § 1986. In other words, the existence of a Section 1985 conspiracy is an element of the Section 1986 claim. Because McBay has failed to plead this element, he has not stated a

Section 1986 claim.

Second Motion to Strike

Thompson argues that McBay's exhibits B, L-M, and Q-R are inadmissible on summary judgment to prove his conspiracy claims. As shown above, the Court did not consider these exhibits in sustaining McBay's Section 1983 claim for conspiracy to abuse. Moreover, the exhibits were immaterial to the Court's dismissal of the remaining conspiracy claims. Therefore, Thompson's second Motion to Strike is moot.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Defendant Morgan Thompson's Motion for Summary Judgment [280] should be and is hereby **GRANTED** as to the denial of medical care claim. The remainder is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Thompson's Motion to Dismiss for Failure to State a Claim [288] should be and is hereby **GRANTED.** The Section 1985 and 1986 claims are dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that Thompson's Supplemental Motion for Summary Judgment [296] should be and is hereby **GRANTED** as to the Section 1983 conspiracy to cover up claim. The remainder is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Thompson's second Motion to Strike [330] should be and is hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 14th day of April, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE